## CAMPBELL VS. SHERMAN.

MARITIME LIEN.   (1, 2) *Proceedings against vessel for pilots' wages*: *State courts have no jurisdiction.   Ch.* 184, *Laws of* 1869.

SHERIFF.   (3, 4) *When protected by writ, and when not.*   (5) *His rights against party suing out writ.*   (6) *Presumption as to form of writ.*

1. An act of a state legislature cannot create a *maritime lien,* nor confer upon a state court jurisdiction to enforce such a lien by a proceeding against the vessel.
2. A proceeding against a vessel to enforce a contract *for pilot's wages* is a subject of admiralty jurisdiction, and is not within the jurisdiction of a state court.   So much of ch. 184, Laws of 1869, as purports to confer such jurisdiction, is void.
3. Where the *subject matter* of a suit is within the jurisdiction of the court, but it has not acquired jurisdiction in the particular case, there is reason and authority for holding that the process of the court, fair on its face, protects the officer.
4. But the warrant of a circuit court of this state, commanding a sheriff to seize and safely keep a vessel therein named, to answer any lien which may be established against her in favor of the person named as plaintiff in such writ, for pilot's wages, will not protect the sheriff.
5. Where the act commanded by a writ is a trespass, the officer is not bound to perform it; he is not liable to the party who sued out the writ, for refusing to execute it; and he may protect himself by requiring from such party a bond of indemnity.
6. In an action against the sheriff for seizing and detaining such vessel, where the answer alleges the process of the court as a defense, without setting out the warrant in form, it must be *presumed* that the warrant was in the form usual in such cases, and therefore that it contained recitals showing that the suit was one of which the court had in fact no jurisdiction.

APPEAL from the Circuit Court for *Eau Claire* County.

Action for the unlawful seizure and conversion by the defendant, sheriff of Eau Claire county, through his deputy, and under color of his office, of a steamboat with its tackle and furniture, the property of the plaintiff. The complaint demands damages for the value of the property and for the loss caused plaintiff in his business by the seizure.

The answer sets up, in substance, that at the time of the seizure the plaintiff was, and still is, a resident and citizen of Wisconsin; that said steamer was built by him within this state, and was used in navigating its waters; that about November 1, 1870, the captain and master of said steamer, by authority of its owner, took the same into the mouth of the Eau Claire river in this state, and tied it up for the season, and placed thereon a watchman; that afterwards, on November 1, 1870, one Heylmun, having a claim against said boat for seaman's wages, filed his petition in writing in the office of the clerk of the circuit court for Eau Claire county, for a lien against said boat by name (which petition is annexed and forms part of the answer); that the clerk of said court thereupon issued a warrant under the seal of the court, directed to the sheriff of said county, commanding him to attach and safely keep said steamer and the furniture and tackle, if found in his county, to answer all such liens as should be established against said boat in favor of said Heylmun or any other person, as provided by law, which warrant was fair and legal on its face, and duly issued under the laws of Wisconsin, and was given to Darwin C. Whipple, under-sheriff of said county; that said Whipple did as directed by said warrant, and made his due return thereon; that the same watchman who had charge of said boat when the levy was made, was continued as watchman, both by the master and Whipple, and the boat was safely fastened; that afterwards, while the boat was in the same place, and without any negligence on the part of the defendant, said boat burned from some cause unknown to the defendant; that the warrant above mentioned has been lost, and can not be found; and that the substance of the same is as above stated.

The petition for a lien above referred to, stated in substance, that the petitioner, Heylmun, was a pilot by profession on the Chippewa river, which runs through the county of Eau Claire; that he had claims and demands amounting to $364.24 against the said steamer, for services rendered on board the same as

pilot, pursuant to a contract made with Edward Campbell, who was at the time of making such contract the owner of said boat, and had the right to make such contract; and that the said steamer was a boat of the burthen of twenty tons and upwards, and was used in navigating the waters of the state of Wisconsin; and the petitioner prayed that judgment might be rendered for the sum due, and that his claim might be declared a lien on said steamer, etc., under chapter 184, Laws of 1869, and that process might issue against said steamer and fixtures, etc., and requiring the usual notice to be given to persons having claims against said steamer.

The plaintiff demurred to the answer, and appealed from an order overruling his demurrer.

*M. D. & E. M. Bartlett* and *Levi M. Vilas*, for appellant:

1. Chapter 184, Laws of 1869, to the extent that it purports to authorize a proceeding against a vessel by name, to enforce a lien founded upon a maritime contract, is in conflict with the constitution and laws of the United States, and void. Art. III, sec. 2, of that instrument, provides that the judicial power shall extend to all cases of admiralty and maritime jurisdiction. And by the act of congress of 1789, known as the judiciary act, it was declared that the district courts of the United States should have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, leaving the suitors in all cases the right of a common law remedy, where the common law is competent to give it. Congress may rightfully vest *exclusive* jurisdiction in the federal courts, in all cases to which the judicial power of the United States extends. *Jackson v. Steamboat Magnolia*, 20 How. (U. S.), 300; *The Moses Taylor*, 4 Wall., 411. The maritime jurisdiction extends equally over both tidal and other navigable waters of the United States, by virtue of the constitution and the act of 1789. *Genesee Chief v. Fitzhugh*, 12 How., 443. A state legislature has no power to create a maritime lien, or to confer jurisdiction upon a state court to enforce such a lien, by a suit

or proceeding *in rem*, as practiced in the admiralty courts, except as to cases arising upon the lakes and navigable waters connecting the same, where a concurrent remedy by state laws may be allowed, by the act of congress of February 20, 1845. *The Moses Taylor*, 4 Wall.,411; *The Hine v. Trevor*, id., 555; *The Belfast*, 7 id., 624; *The Eagle*, 8 id., 15; *In re Steamer Josephine*, 39 N. Y., 19; *Brookman v. Hamill*, 43 id., 554; *Vose v. Cockroft*, 44 id., 415; *Griswold v. Steamboat Otter*, 12 Minn., 465; *Ballard v. Wiltshire*, 28 Ind., 341; *Stewart v. Harry*, 3 Bush (Ky.), 438; *Steamboat Gen. Buell v. Long*, 18 Ohio St., 521; *Berwin v. Steamship Matanzas*, 19 La. Ann., 384; *Thorsen v. Schooner J. B. Martin*, 26 Wis., 488. 2. The sheriff is liable for all acts of his deputy, for which he would be liable if done by himself. R. S., chap. 13, sec. 100; *Harrington v. Fuller*, 18 Me., 279; *Cotton v. Marsh*, 3 Wis., 221; *Forsythe v. Ellis*, 4 J. J. Marsh., 298; *Knowlton v. Bartlett*, 1 Pick., 271. 3. In a special proceeding of this summary character, all jurisdictional facts should be recited in the process. *Bagnall v. Ableman*, 4 Wis., 163. Since the process must show on its face, by recitals, the nature of the libellant's claim, and thereby the want of jurisdiction of the court to issue the warrant, it is no protection to the officer, being void on its face. *Bagnall v. Ableman, supra*; *Baldwin v. Hamilton*, 3 Wis., 747; *Savacool v. Boughton*, 5 Wend., 170; *Champaign County Bank v. Smith*, 7 Ohio St., 50; *Woods v. Davis*, 34 N. H., 328; *Campbell v. Webb*, 11 Md., 471; *Grumon v. Raymond*, 1 Conn., 40. 4. The ignorance of the officer that the law is unconstitutional, is no justification. *Merritt v. City of St. Paul*, 11 Minn., 223; *Fisher v. McGirr*, 1 Gray, 1–45; *Kelly v. Bemis*, 4 Gray, 83; *State v. McNally*, 34 Me., 220. 5. The allegations of the answer that the defendant, after the seizure, exercised due diligence in the care of the boat, are no defense. The action is brought for the conversion, and the liability of the respondent became fixed by the conversion. 2 Hilliard on Torts, 112, 114, 115.

Campbell vs. Sherman.

*Bartlett & Hayden* and *Henry Cousins*, for respondent :

The warrant issued by the clerk was a protection to the sheriff. It was issued by a court of general jurisdiction; was fair and regular on its face; and the officer was not compelled to examine the proceedings under which it was issued. (It has been held that a warrant, regular on its face, will protect the officer, even if he had knowledge that the same was issued without authority.) *People v. Warren*, 5 Hill, 440; *Webber v. Gay*, 24 Wend., 485. Chapter 184, Laws of 1869, had never been held unconstitutional by our courts. While such a law remains, and its constitutionality is undecided, the officer can not be required to determine the right of the legislature to pass such a law. It is his duty to do that which the legal writ specially commands; and he will be protected when the writ is regular on its face, without regard to the jurisdiction of the court whence it issued. *Griffith v. Smith*, 22 Wis., 646; *Sprague v. Birchard*, 1 Wis., 465; *McLean v. Cook*, 23 id., 364; *People v. Salomon*, 54 Ill., 39; *Gregory v. Brooks*, 37 Conn., 365; *Underwood v. Robinson*, 106 Mass., 296; *Chase v. Ingalls*, 97 Mass., 524; *Sandford v. Nichols*, 13 Mass., 286; *Savacool v. Boughton*, 5 Wend., 171.

COLE, J. The able and ingenious counsel for the defendant did not seriously contend that ch. 184, Laws of 1869, so far as it attempted to authorize a proceeding *in rem* against a vessel for the enforcement of a maritime contract, could be sustained as a valid enactment. The decisions of the supreme court of the United States are too clear and emphatic upon that question to allow any discussion, unless their binding authority is denied—a position not assumed in the argument. See *The Moses Taylor*, 4 Wallace, 411; *Hine v. Trevor*, id., 555; *The Belfast*, 7 id., 624; *The Eagle*, 8 id., 15. Also see decisions in the state courts in the following cases: *In re Steamboat Josephine*, 39 N. Y., 19; *Brookman v. Hamill*, 43 id., 554; *Vose v. Cockroft*, 44 id., 415; *The Steamboat General Buell v. Long*, 18 Ohio St., 521; *Thorsen*

*v. The Schooner J. B. Martin*, 26 Wis., 488. In view of these various adjudications, it is idle to argue in favor of the proposition that the state legislature has authority to create maritime liens, or the power to confer upon a state court jurisdiction to enforce such a lien by a proceeding *in rem* against the vessel according to the practice in admiralty. That a proceeding against a vessel to enforce a contract for pilot's wages is a subject of admiralty jurisdiction, and partakes of all the incidents of a suit in admiralty, is equally well settled. It therefore results from these propositions of law, that the circuit court which issued the warrant commanding the sheriff to seize and safely keep the steamer Ida Campbell to answer any lien which should be established against the boat in favor of the plaintiff in that action for pilot's wages, had no jurisdiction of the cause, and its process was void. It gives no strength to the position of defendant's counsel, nor does it aid the discussion, to say that the circuit court is a court of general jurisdiction, when it is conceded that it had no jurisdiction over a proceeding exclusively vested in the courts of the United States. For as to the subject matter of such a suit, it had no jurisdiction whatever, and the act of the legislature clothed the court with no power to try and determine it. The party might, of course, have brought his action in the circuit court to enforce a common law remedy; but when he resorted to it to enforce a maritime lien by a proceeding *in rem*, the court had no jurisdiction of the cause.

This being the case, the further question arises, Did the warrant thus issued in a cause over which that court had no jurisdiction, afford any protection to the officer for acts done in its execution? The counsel for the defendant contends that it would protect the officer, and that, if fair and regular on its face, he had no right and it was not his duty to inquire whether the court which issued it had jurisdiction of the cause. Where the subject matter of the suit is within the jurisdiction of the court, yet jurisdiction in the particular case is wanting, there is

certainly reason and authority for holding that an officer who executes a process fair upon its face, shall be protected. But a clear distinction exists between that case and a proceeding in which the process itself shows that the court has exceeded its jurisdiction. The rule is stated by Mr. Justice SMITH in *Bagnall v. Ableman*, 4 Wis., 163, in the following language : " When the process is fair on its face, and issued by a court or magistrate of competent jurisdiction, it is a protection to the officer. But if it be not fair and regular upon its face, or its recitals or commands show a want or excess of jurisdiction in the court or magistrate issuing it, the officer is not protected in its execution." p. 179. The form of the warrant issued in the present case is not set forth in the answer. But it was undoubtedly such a process as the clerk was required to issue upon the filing of the complaint, and it would show upon its face that it was issued in a proceeding instituted under the provisions of ch. 184. It would command the officer to attach and seize the steamer Ida Campbell, her tackle, apparel and furniture, if found within his county, and safely keep the same to answer all such liens as should be established against it in favor of the plaintiff in the cause. It would properly contain recitals showing that a complaint had been filed with the clerk, and state the nature and amount of the demand for which a lien was claimed against the vessel. We must presume from the matters stated in the answer, that such was the form of the warrant under which the officer acted ; and furthermore a process setting forth these facts would be required by the law under which the proceeding was taken. And it is very apparent that such a warrant would show upon its face the nature of the proceeding, and that the suit was instituted to enforce a maritime lien. In other words, it would show that the circuit court had no jurisdiction of the subject matter of the action, and no power to hear and determine it. And we understand the rule to be, that where the process does thus show a want of jurisdiction in the court

of the subject matter of the action, it is void, and does not protect the officer. In this all the cases agree.

But it is said that this rule imposed upon the officer in the present case the duty of determining, in advance of any decision of the courts of this state, the validity of an act of the legislature. How can it be expected, it is asked, that a mere ministerial officer could decide such a question, and thus find out that his process was void for want of jurisdiction in the court which issued it? The maxim *ignorantia juris non excusat* — ignorance of the law, which every man is presumed to know, does not afford excuse — in its application to human affairs, frequently operates harshly; and yet it is manifest that if ignorance of the law were a ground of exemption, the administration of justice would be arrested, and society could not exist. For in every case ignorance of the law would be alleged. And consequently the answer must be given in this case, that the ignorance of the officer is of the law, and the rule is almost without an exception, that this does not excuse. It may devolve upon the officer a vast responsibility in some cases, to say that he must notice at his peril that an act of the legislature attempting to confer jurisdiction upon the courts is unconstitutional. But if the officer does not wish to assume all the hazard which such a rule of law imposes on him, he must require a bond of indemnity from the party for whom he is acting. It is further said that it was the duty of the officer to obey the mandate of the warrant and seize the identical steamboat which he did attach, and that he had no alternative but to obey. If the act which the writ commanded him to do was a trespass, he was not required to perform it. Nor would he be liable in that case to the plaintiff for refusing to execute a process void for want of jurisdiction.

We have examined the authorities cited on the brief of counsel for the defendant, but we find nothing in them inconsistent with the views above expressed.

The conclusion which we have reached is, that the answer does not state a defense to the action, and that the demurrer to it should have been sustained.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.