LAVINA A. BOALES ET AL., APPELLEES, V. E. I. FERGUSON, ADMINISTRATOR, APPELLANT.

FILED JUNE 23, 1898. No. 8196.

1. **Administration of Estates:** DISTRIBUTION. An administrator who undertakes, without an adjudication of heirship, to distribute funds in his hands as the residue of an estate administered by him, assumes the responsibility of making distribution to the proper persons.

2. ———: INTERLOCUTORY ORDERS. Interlocutory orders made by the county court adjusting the current accounts of an administrator are only *prima facie* correct; and such accounts are subject to re-examination and correction at any time before the allowance of the administrator's final report.

3. **Unconstitutional Acts:** DATE OF INVALIDITY. An unconstitutional

act of the legislature is as ineffectual as though it had never been passed. Its invalidity dates from its enactment and not from the time it is adjudged to be in conflict with the supreme law.

4. **Administration of Estates:** ORDERS UNDER VOID STATUTE: CURATIVE ACT. The curative act of 1895 (Session Laws, ch. 32) was intended to legalize orders, judgments, and findings of the county court which depended for their validity on the decedents' act of 1889 (Session Laws, ch. 57), and has no relation to orders, judgments, and findings which were valid independent of that act.

5. **Estoppel:** PLEADING. To be available as a defense to an action an estoppel *in pais* must be pleaded.

6. **County Courts:** JURISDICTION. The county court possesses exclusive original jurisdiction in probate matters, and questions relating to the settlement of estates must be adjudicated there in the first instance.

APPEAL. from the district court of Saline county. Heard below before HASTINGS, J. *Affirmed.*

The opinion contains a statement of the case.

*J. D. Pope,* for appellant:

An unconstitutional statute has the force of law until declared void by the court of last resort. (*Miller v. Dunn,* 72 Cal. 462; *Sessums v. Botts,* 34 Tex. 335; *People v. Salomon,* 54 Ill. 40; *St. Louis & S. F. R. Co. v. Evans,* 85 Mo. 307; *Brandhoeffer v. Bain,* 45 Neb. 781.)

A vested right created by reason of the passage of an act cannot be disturbed though the act be declared unconstitutional. (*Webster v. Reid,* 1 Morris [Ia.] 467*; *Williams v. Johnson,* 96 Am. Dec. [Md.] 615.)

The order directing the administrator to distribute all money in his hands was valid. (*Miller v. Dunn,* 1 Am. St. Rep. [Cal.] 67; *Manly v. State,* 7 Md. 135; *Ward v. State,* 40 Miss. 108; *Lewis v. Watrus,* 7 Neb. 477; *Hansen v. Bergquist,* 9 Neb. 278.)

Appellees not having appealed from the order of distribution are estopped from claiming that William Praul was not an heir, and that the payments were unauthor-

ized. (*Bazzo v. Wallace*, 16 Neb. 293; *Doty v. Sumner Bros.*, 12 Neb. 378; *Horn v. Miller*, 20 Neb. 98; *Cecil v. Cecil*, 19 Md. 72; *Leaverton v. Leaverton*, 40 Tex. 218.)

Appellees are estopped by reason of participation in the distribution. (*Alexander v. Walter*, 50 Am. Dec. [Md.] 688; *Weinstein v. National Bank of Jefferson*, 69 Tex. 38; *New York Rubber Co. v. Rothery*, 1 Am. St. Rep. [N. Y.] 822; *Grant v. Cropsey*, 8 Neb. 205; *Newman v. Mueller*, 16 Neb. 523; *Tarver v. Tankersley*, 51 Ala. 197; *Loring v. Steineman*, 1 Met. [Mass.] 204; *Whipple v. Farrar*, 3 Mich. 436; *Goshen v. Stonington*, 4 Conn. 209.)

*Thomas Ryan, James W. Dawes*, and *F. I. Foss, contra.*

SULLIVAN, J.

After the enactment of chapter 57, Session Laws of 1889, known as "Baker's Decedents' Law," and before it was declared unconstitutional by this court, Emily A. Praul died intestate, leaving an estate in Saline county which the appellant E. I. Ferguson proceeded to administer under the direction and by the authority of the county court of that county. Surviving the deceased were her husband, William Praul, and four children, the issue of a former marriage. On the assumption that the new decedents' law was valid and that, under its provisions, he was entitled to one-third of the money belonging to the estate in the hands of the administrator, Praul, on April 2, 1891, petitioned the county court for an order of distribution. Such an order was made. Fairly construed, it directed the administrator to distribute forthwith among the heirs at law of Emily A. Praul all funds of the estate then in his possession. Acting as he supposed under the sanction of this order, Ferguson paid to Praul on November 18, 1891, the sum of $1,530, and on August 17, 1892, the further sum of $167.59. Accounts rendered in the course of administration, including these sums among the items disbursed, were presented by the administrator to the county court and were by it examined and approved.

It is claimed by appellant that the order directing distribution and the orders approving these accounts remain in full force and are conclusive of the matters here in controversy. We do not think so. There was no adjudication of heirship. It was not judicially determined that Praul was an heir of his deceased wife and entitled to participate in the distribution of her estate. The decree was to make distribution to the heirs as provided by law. The heirs were not named, nor the amounts due them respectively determined, as contemplated by the statute, which provides (Compiled Statutes 1897, ch. 23, sec. 290): "In such decree the court shall name the persons, and the proportions or parts to which each shall be entitled, and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any person having the same." The administrator, having voluntarily assumed the responsibility of executing this indeterminate decree, must now bear the consequences of errors committed in its execution. It was the business of the court to decide who the heirs were and the amount of their respective interests in the estate. The appellant was not required to take upon himself this judicial function, but having assumed it of his own accord, he must answer to those who have suffered by his error.

But counsel contend that inasmuch as the new decedents' law had not been declared unconstitutional when the payments to Praul were made, Ferguson was justified in assuming that it was valid and in acting on that assumption. To this proposition we cannot assent. The "Baker Law" was enacted in violation of the constitution. It was never in force, and the decision of this court in *Trumble v. Trumble,* 37 Neb. 340, was a mere judicial declaration of a pre-existing fact. The court did not annul the statute, for it was already lifeless. It had been fatally smitten by the constitution at its birth. Speaking of such a law Mr. Justice Field, in *Norton v. Shelby County,* 118 U. S. 425, said: "It confers no rights. It imposes no

duties. It affords no protection. It creates no office. It is in legal contemplation as inoperative as though it never had been passed." Discussing the same question Judge Cooley says: "When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights cannot be built up under it. Contracts which depend upon it for their consideration are void. It constitutes a protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made; and what is true of an act void *in toto* is true also as to any part of an act which is found to be unconstitutional, and which, consequently, is to be regarded as having never, at any time, been possessed of any legal force." (Cooley, Constitutional Limitations 188.) Among the numerous cases holding this doctrine are *Osborn v. Bank of United States*, 9 Wheat. [U. S.] 738; *Sumner v. Beeler*, 50 Ind. 341; *Fisher v. McGirr*, 1 Gray [Mo.] 1; *Meagher v. Storey Co.*, 5 Nev. 244; *Campbell v. Sherman*, 35 Wis. 103.

Another point discussed by counsel relates to the effect of the orders approving the administrator's accounts. The county court having directed payment to be made to the heirs of the intestate, and the administrator having made payment to one who was not an heir, is he protected by the interlocutory orders approving his reports showing the unauthorized disbursement? We do not think he is. This court, in *Bachelor v. Schmela*, 49 Neb. 37, has distinctly settled the question adversely to the contention of appellant. It was there decided that these *ex parte* adjustments made in the course of the administration, without notice of any kind to parties interested, are only *prima facie* correct and may be re-examined and corrected at any time before the allowance of the administrator's final report. It follows from what has been already said that the orders of the county court here considered would, standing alone, afford no protection to Ferguson in dealing with Praul as one of the heirs of the intestate; but it is insisted if that be true these same

orders, when reinforced by the provisions of chapter 32 of the Session Laws of 1895, do afford a complete and perfect protection. But we are unable to see that this act has any bearing whatever upon the question. Its purpose, as declared in the title, was to legalize orders, judgments, decrees, and findings made under the provisions of the decedents' act of 1889. In other words, the legislative design was to give force and effectiveness where they did not before exist. The orders and decree made by the county court in the administration of the Praul estate were never of doubtful validity; they needed no legislative quickening, and were, therefore, not affected by the curative act. Its provisions did not touch them. Had there been an attempt to define the word "heirs" as used in decrees of distribution, or had the decree in this case adjudged Praul to be an heir and fixed his interest in the estate, the relevancy of the argument based on the act of 1895 would be more obvious.

A final ground upon which appellant relies for a reversal of the judgment against him is that the appellees are estopped by their acts and conduct from questioning his authority to make the payments to Praul. It is sufficient to say in answer to this contention that no estoppel *in pais* has been pleaded. The appellees ask a modification of the judgment to the extent of being allowed to recover interest on the sums paid by the administrator to Praul, and also to recover further the sum of $700 claimed to have been paid him on account of an alleged estate by curtesy in the lands of his deceased wife. These questions do not properly arise in this case. This is not an action to recover moneys assigned to the appellees by a decree of distribution. The sole purpose of the litigation in its inception was to determine the administrator's right to credit for the amounts paid by him to Praul under the decree of distribution. The county court possesses exclusive original jurisdiction in probate matters, and the questions now presented by the appellees for decision cannot be considered until they have been first

submitted to that court. The judgment of the district court is

AFFIRMED.