### Ex parte JAMES BARRETT.

No. A-4975.   Opinion Filed Dec. 26, 1923.
(220 Pac. 124.)

(Syllabus.)

**Habeas Corpus—One Imprisoned Under Unconstitutional Law Entitled to Discharge.** A person who has been convicted of violating an unconstitutional law, and is imprisoned under such judgment of conviction, will be discharged on habeas corpus.

Habeas corpus by James Barrett for release from custody. Writ allowed, and petitioner discharged.

R. C. Searcy, for petitioner.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for respondent.

DOYLE, J. This is a petition for writ of habeas corpus for the discharge of James Barrett from the penitentiary at McAlester, where it is alleged that he is unlawfully and illegally restrained of his liberty by J. H. Townsend, warden; that the cause of said restraint is a commitment issued by the district court of Canadian county, James I. Phelps, judge, on a charge of setting up a distillery for the purpose of manufacturing corn whisky. Said commitment was ussed on a judgment rendered May 5, 1923, wherein he was sentenced to be imprisoned in the penitentiary at McAlester for the term of two years and to pay a fine of $100 and the costs, alleging that said restraint is illegal and unauthorized, because the act approved February 5, 1923, (chapter 1, Session Laws 1923), making it a felony to set up a still for the pur-

pose of manufacturing distilled spirits, was determined and held by the decision of this court in the case of In re D. E. Smith, 24 Okla. Cr. 415, 218 Pac. 708, to be unconstitutional.

The Attorney General concedes that the writ should issue, and that petitioner is entitled to be discharged.

In the case of Ex parte Smith, supra, the statute upon which this prosecution is based was held unconstitutional and void.

It follows that petitioner is unlawfully imprisoned and restrained of his liberty by the respondent, and that he is entitled to be discharged from the imprisonment of which he complains. He is therefore by the judgment of this court discharged therefrom.

MATSON, P. J., and BESSEY, J., concur.