Argued June 21, affirmed July 12, argued on rehearing December 6, 1927, reversed February 14, 1928.

PEDER PEDERSON *v.* ISAAC L. PATTERSON, GOVERNOR, ET AL.

(258 Pac. 204; 264 Pac. 445.)

Constitutional Law—Legislative Enactment Directing Violation of Constitution is Void.

1. Legislative enactment directing violation of mandate of Constitution is void.

Constitutional Law—Court's Only Duty in Determining Statute's
    Validity is to Determine Sufficiency of Ground of Challenge.
    2. In determining validity of statute, court's only duty is to
determine sufficiency of ground of challenge, since it is not con-
cerned with wisdom or expediency of idea contained in enactment.

States—Statute Authorizing Use of State Industrial Accident Fund
    for Construction of State Office Building Held Invalid as Di-
    recting Construction from Borrowed Funds and Creating Ex-
    cessive Debt (Laws 1927, pp. 413, 523).
    3. Laws of 1927, page 413, providing for investment of state
industrial accident fund in office building for state, payment of
specified rate of interest and appropriation from general fund for
repayment, *held* invalid as directing construction of building from
borrowed funds and creating debt exceeding constitutional limi-
tation, notwithstanding Laws of 1927, page 523, providing for
rental of building.

Statutes—Unconstitutional Statute is Void from Time of Enact-
    ment.
    4. Statute which contravenes Constitution is invalid from time
of enactment, and judicial decision declaring it unconstitutional
is only for purpose of declaring pre-existing fact.

Constitutional Law, 12 C. J., p. 748, n. 9, p. 753, n. 50, p. 797,·
n. 34, p. 800, n. 74, p. 801, n. 79, 80, 82, 83.

From Marion: L. H. McMahan, Judge.

In Banc.

This suit, prosecuted to determine the validity of
Chapter 322, General Laws of Oregon, 1927, was sub-
mitted with the case of *Eastern & Western Lumber
Co. et al.* v. *Patterson et al., post,* p. 112 (258 Pac.
193). For a full statement of the facts and the law,
see that case.                                   AFFIRMED.

For appellants there was a brief over the names of
*Mr. I. H. Van Winkle,* Attorney General, and *Mr.
Willis S. Moore,* Assistant Attorney General, with
an oral argument by *Mr. Moore.*

2. Judicial inquiry into wisdom, policy or motives prompting
enactment of statute, see notes in 1 Ann. Cas. 570; Ann. Cas.
1912A, 716; Ann. Cas. 1917B, 834. See, also, 6 R. C. L. 107; 25
R. C. L. 808.

For respondents there was a brief over the names of *Messrs. Carey & Kerr* and *Messrs. Wilson & Reilly*, with oral arguments by *Mr. James B. Kerr* and *Mr. James G. Wilson*.

*Mr. Roy F. Shields,* on brief, *amicus curiae.*

BROWN, J.—The plaintiff in the instant case is an injured employee, subject to the provisions of the Workmen's Compensation Law of the State of Oregon. He avers that the statute in question violates the Constitution of Oregon in a number of particulars, and especially in that it is in conflict with that part of Article XI, Section 7, reading:

"The Legislative Assembly shall not * * in any manner create any debt or liabilities which shall singly or in the aggregate with previous debts or liabilities exceed the sum of $50,000. * * "

1-3. A legislative enactment directing the violation of a mandate of the Constitution is void. The statute in question provides for the investment in an office building for this state of the industrial accident fund created under the provisions of the Workmen's Compensation Law. It provides for the payment of a specified rate of interest on such funds, and appropriates $60,000 per annum from the general fund of the state for the repayment to the industrial accident fund of the principal and interest.

That the several state departments representing various state activities should be housed in an office building, the property of the state, is a popular idea. With the wisdom or the expediency of the idea, we have no controversy. But the validity of the act has been challenged as being opposed to the fundamental law. Our single duty, then, is to determine the suffi-

ciency of the ground of challenge. We have seen that the act provides for the investment of not more than $600,000, belonging to the state industrial accident fund. We have seen that it further provides for the appropriation, from the general fund of the state, of $60,000 annually, for the next 13½ years, for the purpose of repaying the sums of money thus diverted from the industrial accident fund. Under this state of facts, we are asked to say that this act creates neither a debt nor a liability in excess of $50,000. The phrase "debt or liability" will have to take on a new and elastic meaning before we can follow such optimistic reasoning.

4. Neither does the subsequent enactment of Chapter 383, General Laws of Oregon, 1927, providing for the rental of the building, validate the act assailed. This is so for a number of reasons. First of all, the enactment directing the construction of the office building from borrowed funds is unconstitutional. An unconstitutional act is not law. In the case of *Norton* v. *Shelby County,* 118 U. S. 425 (30 L. Ed. 178, 6 Sup. Ct. Rep. 1121), Mr. Justice FIELD, speaking for the Supreme Court of the United States, made the following concise summation of the term "unconstitutional act":

"It confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."

In this connection, note the following from 1 Cooley's Constitutional Limitations (8 ed.), page 382:

"When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights cannot be built up under it; contracts which depend upon it for

their consideration are void; it constitutes a protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made."

To the same effect, see 6 R. C. L. (Constitutional Law), page 117.

Concerning the validation of unconstitutional statutes, 6 R. C. L., page 120, lays down the following:

"While it has been broadly stated that an unconstitutional act cannot be validated by the legislature, it seems that it may be amended into a constitutional one so far as its future operation is concerned, by removing its objectionable provisions, or supplying others, to conform it to the requirements of the constitution. The distinction seems to be that, where a statute is invalid by reason of an absence of power in the legislature, in the first instance, under the constitution, to enact the law, it is not possible for that body to confirm or render the same valid by amendment; but where the obnoxious features of the statute may be removed or essential ones supplied by a proper amendment, so that had the law been primarily thus framed it would have been free from the objections existing against it, then the statute may be rendered valid by amendment, so far as its future operation may extend."

The provisions of Chapter 383 do not pretend to re-enact the statute in question. Hence that statute was not validated by the enactment of Chapter 383.

The statute involved in this litigation was "smitten by the Constitution at its birth." A judicial decision is only for the purpose of declaring a pre-existing fact: *Boales* v. *Ferguson,* 55 Neb. 568 (76 N. W. 18). After a careful and deliberate examination of the act, and believing beyond a reasonable doubt that the statute assailed creates a debt in excess of the limitation

placed by the Constitution, it becomes our solemn duty to hold it invalid.

This case should be affirmed. It is so ordered.

AFFIRMED.

BURNETT, C. J., and RAND and BEAN, JJ., concur.

COSHOW, J., Dissenting.—This appeal was submitted with the case of *Eastern & Western Lumber Co. et al.* v. *Patterson et al., post,* p. 112 (258 Pac. 193). The difference between the cases is not material in so far as the validity of Chapter 322, Oregon Laws for 1927, is concerned. The plaintiffs in the Eastern & Western Lumber Co. are employers under the Workmen's Compensation Act. The plaintiff in the instant case was injured permanently while working under the Workmen's Compensation Act and a definite sum has been placed in the segregated accident fund for his benefit. The segregated accident fund is not jeopardized by said Chapter 322. The decision in the Eastern & Western Lumber Co. case controls the instant case. The decree of the Circuit Court should be reversed and a decree dismissing the case entered here.

McBRIDE and BELT, JJ., concur in this opinion.

---

Reversed on rehearing February 14, 1928.

ON REHEARING.

(264 Pac. 445.)

REVERSED ON REHEARING.

For appellants there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral

argument by *Mr. Willis S. Moore,* Assistant Attorney General.

For respondents there was a brief over the names of *Messrs. Carey & Kerr* and *Messrs. Wilson & Reilly,* with oral arguments by *Mr. Jas. B. Kerr* and *Mr. Jas. G. Wilson.*

*Mr. Roy F. Shields* and *Mr. Fred H. Paulus, amici curiae.*

ROSSMAN, J.—The decision this day announced in *Eastern & Western Lumber Company et al.* v. *Isaac L. Patterson et al.* is equally applicable to the issues presented in this suit. There is no necessity for adding anything further. We have given careful consideration to this case, as well as to the other.

Reversed on rehearing.

McBRIDE, BELT and COSHOW, JJ., concur.

BROWN, J., Dissenting.—This case was submitted with the case of *Eastern & Western Lumber Company* v. *Patterson et al.,* 124 Or. 150, and the facts obtaining in that case as to the constitutionality of Chapter 322, General Laws of Oregon, 1927, are controlling here. See, also, *Pederson* v. *Patterson et al.,* decided July 12, 1927, and reported in 124 Or. 105 (258 Pac. 204).

For the reasons stated in our dissenting opinion in the case of *Eastern & Western Lumber Company* v. *Patterson,* filed this day, we dissent from the holding of the court as expressed in the prevailing opinion herein.

RAND, C. J., and BEAN, J., concur.