[Crim. No. 2649. Second Appellate District, Division One.—June 22, 1935.]

In the Matter of the Application of JOHN H. BURKE for a Writ of Habeas Corpus on Behalf of GLENN DOWNING.

John H. Burke for Petitioner.

Call & Murphey, Alex. W. Davis and Hanna & Morton, as *Amici Curiae* on Behalf of Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker and Harry M. Hunt, Deputies District Attorney, for Respondent.

Gibson, Dunn & Crutcher, Homer D. Crotty, George D. Jagels and David P. Evans, as *Amici Curiae* on Behalf of Respondent.

ROTH, J., *pro tem.*—█ One Glenn Downing is here charged with a violation of section 2, chapter 1039, Statutes of 1933 (commonly referred to as the California Recovery Act), in that on November 1, 1934, as a person engaged in intrastate commerce in a business and transaction affecting intrastate commerce, subject to the provisions of the Code of Fair Competition for the Petroleum Industry, approved by the President of the United States by a purported authority conferred by the National Industrial Recovery Act, passed June 16, 1933, he did violate the provisions of such Code of Fair Competition by producing oil from Wil-Daw No. 1 oil well in excess of the quota assigned to him by order of the Administrator of said Code of Fair Competition for the Petroleum Industry, and specifically a violation of section 5 of article III of said code. He was tried on November 23, 1934, found guilty, sentenced to pay a fine or go to jail, and elected to do the latter. On the same day that he was delivered to the custody of the sheriff, a petition for a writ of *habeas corpus* was filed, a writ issued, and Downing was released on $500 bail.

█ The decisive question is the validity of the statutes, both state and national, and the effect of the codes promulgated pursuant thereto, and the orders issued by the administrator pursuant to the codes.

Since the arrest of petitioner, the cases of *Panama Refining Co.* v. *Ryan*, 293 U. S. 388 [55 Sup. Ct. 241, 79 L. Ed. (Adv.) 223], *Darweger* v. *Staats*, (New York Court of Appeals, April 26, 1935), 267 N. Y. 290 [196 N. E. 61], and *Schechter* v. *United States* (U. S. Supreme Court, May 27, 1935), 295 U. S. 495 [55 Sup. Ct. 837, 79 L. Ed. 1570], have been decided. All of said cases deal with the identical statutes, questions and principles involved in the instant case, the Darweger case treating specifically the relation of a State Recovery Act to the National Industrial Recovery Act, and the effect of all of said cases is to hold that the statutes involved are unconstitutional, and that the codes promulgated pursuant thereto are nullities.

Accordingly, it is ordered that petitioner be and he is hereby discharged from custody and his bond exonerated.

Houser, Acting P. J., and York, J., concurred.