**Amanda HARLING, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND SO-CIAL SERVICES, Respondent.**

No. 69-C-560.

United States District Court, E. D. Wisconsin.

March 11, 1971.

Shellow & Shellow, Milwaukee, Wis., for petitioner.

Robert P. Warren, Atty. Gen. of Wis., by William A. Platz, Asst. Atty. Gen., Madison, for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The petitioner was convicted by a state court on November 14, 1968, of the commission of an abortion in violation of § 940.04(1), Wis.Stats. (1967). She was sentenced on the same day to a term of three years in the Wisconsin Home for Women at Taycheedah. Her conviction was affirmed by the state supreme court in State v. Harling, 44 Wis.2d 266, 170 N.W.2d 720 (1969). After the present petition for a writ of habeas corpus was filed, Mrs. Harling was released from confinement and now is on parole.

Mrs. Harling's petition initially set forth two rather broad bases which she argued warranted the granting of her application. However, after her petition was filed, and while it still was pending, the case of Babbitz v. McCann, 310 F. Supp. 293 (E.D.Wis.1970), was decided. In *Babbitz*, upon the application of a physician who was undergoing prosecution for the commission of an allegedly illegal abortion, a three-judge district court declared that § 940.04(1) and (5) are unconstitutional.

On the basis of the *Babbitz* ruling, Mrs. Harling submitted a petition for a writ of habeas corpus to the Wisconsin supreme court; such petition was denied on April 13, 1970. Her petition to the federal court for a writ of habeas corpus subsequently was amended and the peti-tioner now contends that her state conviction on November 14, 1968, is void. It is this contention which will be considered in the present decision.

In an earlier time, it was generally held that a statute which was declared to be unconstitutional was void ab initio. Norton v. Shelby County, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178 (1886); Ex parte Siebold, 100 U.S. (10 Otto) 371, 376, 25 L.Ed. 717 (1880). In the latter case, at pages 376–377, the court said:

"An unconstitutional law is void and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment. It is true, if no writ of error lies, the judgment may be final, in the sense that there may be no means of reversing it. But personal liberty is of so great moment in the eye of the law that the judgment of an inferior court affecting it is not deemed so conclusive but that, as we have seen, the question of the court's authority to try and imprison the party may be reviewed on *habeas corpus*, by a superior court or judge having authority to award the writ. We are satisfied that the present is one of the cases in which this court is authorized to take such jurisdiction. We think so, because, if the laws are unconstitutional and void, the Circuit Court acquired no jurisdiction of the causes. Its authority to indict and try the petitioners arose solely upon these laws."

The breadth of this rule was questioned in several subsequent decisions. See, e. g., Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 374, 60 S.Ct. 317, 84 L.Ed. 329 (1940). Cf. Butts v. Merchants & Miners Transportation Co., 230 U.S. 126, 33 S.Ct. 964, 57 L.Ed. 1422 (1913); Campbell v. Sherman, 35 Wis. 103 (1874); Annot., 167 A.L.R. 517 (1947); Crawford, The Legislative Status of an Unconstitutional Statute, 49 Mich.L.Rev. 645, 650 (1951).

This latter group of cases, however, generally does not deal with statutes in-

volving penal liability, and, in my opinion, they do not obviate the problem of whether Mrs. Harling's conviction can stand in light of a ruling declaring the statute under which she was convicted to be unconstitutional.

At no point prior to the time of the *Babbitz* decision did the petitioner raise the question of the constitutionality of § 940.04(1). In addition, it is to be noted that Mrs. Harling is not a physician, unlike the plaintiff in *Babbitz*. These two factors must be considered in resolving the present petition. However, it is clear that Mrs. Harling has exhausted her state remedies, for the supreme court denied her post-*Babbitz* petition for a writ of habeas corpus, concluding that *Babbitz* was not "binding upon this court or controlling."

It is arguable that the doctrine of the *Chicot County* case might preclude the granting of the relief sought in the case at bar. See Note, The Effect of the Unconstitutionality of a Statute, 37 Geo.L. J. 574, 584 (1949), in which the author suggests that Gayes v. New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962 (1947), supports the view that if a petitioner has not raised the issue of the unconstitutionality of a statute at his trial, the court can refuse to consider his petition for a writ of habeas corpus. However, the precise scope of *Gayes* has been the subject of some discussion, and I have difficulty in applying it to the present action. Cf. Farnsworth v. United States, 98 U.S.App.D.C. 59, 232 F.2d 59 (1956), and United States v. Moore, 166 F.2d 102 (7th Cir. 1948).

■■ A petition for a writ of habeas corpus is a proper means to attack the constitutionality of a statute under which a petitioner had been convicted. Furthermore, the few cases involving a petitioner who had been convicted under a statute later held to be unconstitutional in another case have generally granted relief by way of discharge upon a writ of habeas corpus. See, e. g., Ex parte Rose, 122 N.J.L. 507, 6 A.2d 389 (Sup.Ct.1939); Ex parte Downing, 7 Cal.App.2d 731, 47 P.2d 322 (Cal.App.

1935); Ex parte Barrett, 25 Okl.Cr. 431, 221 P. 124 (Okla.Crim.App.1923); cf. Desist v. United States, 394 U.S. 244, 261 n. 2, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969) (dissenting opinion); but see Dowd v. Grazer, 233 Ind. 68, 116 N.E.2d 108 (Ind.1953).

In 1 Sutherland, Statutes and Statutory Construction (Supp.1971 § 111, at 6), the author states:

> "[The] tenderness with which our system regards individual liberty has caused an exception to the rule of estoppel to be made for criminal statutes. Where a statute which declares conduct to be a crime is held unconstitutional, a person who was previously convicted under it may procure his release by habeas corpus."

*Babbitz* is clear that the state legislature may impose reasonable restrictions on the right of a woman to abort an unquickened fetus. Thus, in 310 F.Supp. at 302, the court stated:

> "Under its police power, the state can regulate certain aspects of abortion. Thus, it is permissible for the state to require that abortions be conducted by qualified physicians."

The declaration in *Babbitz* that § 940.04(1) and (5) are unconstitutional was based upon the premise that the statute is overbroad. On the other hand, rules of severability preclude "saving" a portion of the statute in question so as to accommodate the fact that Mrs. Harling is not a physician or to accommodate a construction that the declaration of unconstitutionality was meant only to extend to Dr. Babbitz or others in his precise position. This conclusion is buttressed by the rules of strict construction generally applied to penal statutes, and they are generally found to be void in their entirety whenever one portion is clearly unconstitutional.

Now, therefore, it is ordered that the petition for a writ of habeas corpus be and hereby is granted. The execution of the writ will be stayed for thirty days to allow the respondent an opportunity to seek appellate court review.