PETER BRONDBERG, PLAINTIFF IN ERROR, V. WILLIAM M. BABBOTT, DEFENDANT IN ERROR.

1. **County Court:** JURISDICTION. Under the provisions of the statute as it stood previous to the amendment of 1883, the jurisdiction of the county court in civil cases was limited to sums not exceeding five hundred dollars.

2. ———: APPEAL TO DISTRICT COURT. A district court cannot acquire jurisdiction of a cause on appeal from the county court if the county court had no jurisdiction of such cause.

3. **Jurisdiction:** WAIVER. Want of jurisdiction of the subject matter cannot be waived by consent of the parties, and an appeal from the judgment in such a case confers no jurisdiction on the appellate court.

ERROR to the district court for Otoe county, where the cause had been brought on error from the county court by the defendant and judgment of that court reversed by POUND, J., and same dismissed. The plaintiff claimed by his petition in the county court $588.60, and that amount was indorsed on the summons, but the judgment was for $500 only and costs, the defendant not appearing except to prosecute proceedings in error to the district court.

*Watson & Wodehouse,* for plaintiff in error.

The error, if any, was without prejudice, and county court had jurisdiction to render judgment for amount it did. *Dillon v. Russell,* 5 Neb., 484. *Reynolds v. Reynolds,* 10 Id., 574. Defendant did not open up judgment, hence could not prosecute error. *Clendenning v. Crawford,* 7 Neb., 474. District court had jurisdiction. Comp. Stat., p. 611, § 601. *Adams Express Co. v. St. John,* 17 Ohio State, 641.

*C. W. Seymour,* for defendant in error, cited: *Clay v. Barlow,* 123 Mass., 378. *Bremaugh v. Worley,* 6 Ohio

State, 597.    *Belford v. Parrish*, 22 Ohio State, 371.
*Brauer v. Luntzer*, 12 Neb., 476.   Maxwell's Practice, 41.
*Watson v. McCartney*, 1 Neb., 131.

COBB, J.

At the date of the proceedings involved in this case the
jurisdiction of county courts in civil actions was limited to
five hundred dollars, the language of the statute being,
"and shall have concurrent jurisdiction with the district
court in all civil cases in any sum not exceeding five hun-
dred dollars exclusive of costs."   Comp. Stat., 205.   The
summons issued by the county judge, as well in the *ad dam-
num* clause as in the indorsement, stated the plaintiff's de-
mand for which the suit was brought at five hundred and
eighty-eight dollars and sixty cents.   The copy of the
plaintiff's petition in the county court, returned in the
record, shows that the plaintiff's claim against the defend-
ant in that court was for damages for failing to furnish
material and pay for the making of five thousand eight
hundred and eighty-six barrels at ten cents per barrel,
making the amount of his claim $588.60.

It seems to be well settled that in a court of limited jur-
isdiction it is the amount stated in the *ad damnum* clause
of the writ that gives jurisdiction even in cases where the
petition or bill of particulars states a different amount as
that for which judgment is demanded.   But here all parts
of the record agree and show the claim to have been for a
single item of damages amounting to a sum beyond the ju-
risdiction of the court either to try or to take the first step
towards trying.

There is a wide difference between jurisdiction of a party
and jurisdiction of the subject matter of a law suit.   If the
court has jurisdiction of the subject matter, although no
steps have been taken to obtain jurisdiction of the defend-
ants, if he voluntarily comes before the court and partici-

pates in the trial, or after the trial takes an appeal or writ of error, as a rule he waives all objections to the jurisdiction of the court. But it is quite different when the subject of the suit is not within the jurisdiction of the court. In the case at bar the formal stipulation of the defendant would not have conferred jurisdiction upon the county court to try and adjudicate upon the case as presented by the record, and certainly his after appearance for the purpose of taking the case to the district court upon error, could have no such effect.

Counsel for plaintiff in error contend that upon the district court finding error in the judgment of the county court, it should have reversed the judgment, and retained the case for a trial *de novo* in the district court. Such is doubtless the law in all cases, except where the error consists in the lower courts assuming jurisdiction of a case where the law does not give it. The case of *The Adams Express Company v. St. John,* 17 Ohio State, 641, cited by counsel for plaintiff in error, is to this effect, no more. The court, in the opinion, say: "The only question involved in this case is, whether upon reversal of a justice's judgment in the common pleas, on the petition of the defendant, for the reason that the justice had no jurisdiction *of his person,* the cause can properly be set down for trial and final judgment against the defendant's consent? We answer the question in the affirmative. The defendant, by filing his petition in error, submits himself to the jurisdiction of the court for trial of the case under the statutory provision on that subject."

It must be confessed that we find some difficulty in reconciling the view which we are obliged to hold in this case, with the provision of the statute cited by counsel for plaintiff in error.

"Sec. 60. When the proceedings of a justice of the peace are taken on error to the district court, * * * and the judgment of such justice shall be reversed or set

aside, the court shall render judgment of reversal and for costs that have accrued up to that time in favor of the plaintiff in error, and award execution therefor, and the cause shall be retained by the court for trial and final judgment as in cases of appeal."

It is true that this statute makes no distinction between cases in which the justice had jurisdiction of the subject matter of the action and where he had not; but it can scarcely be possible that the legislature intended to place cases of slight error on an equal footing with the most flagrant usurpation of jurisdiction on the part of the lower court. The law has always preserved a clear distinction between a total want of jurisdiction to act and erroneous action in the exercise of an undenied jurisdiction, and such distinction cannot well be abolished without the intent of the legislature to do so being clearly and unequivocally expressed.

The supreme court of Wisconsin has repeatedly held (in the absence of a statutory provision exactly like that of ours above quoted, it must be admitted) that upon appeal from a justice of the peace or other lower court to the circuit court, in a case where such justice or other lower court had not jurisdiction of the subject matter of the action, the appellate court acquires none. *Cooban v. Bryant,* 36 Wis., 605. *Stringham v. Board of Supervisors,* 24 Id., 594. *Felt v. Felt,* 19 Id., 208. To the same effect was held by the supreme court of New York. *Malone v. Clark,* 2 Hill, 657; and of Kentucky, *Stephens v. Boswell,* 2 J. J. Marshall, 29; and such is the current of authority.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

LAKE, CH. J., concurs.

MAXWELL, J., dissenting.

I admit that if the county court had no jurisdiction of the subject matter, that the district court could acquire none. But the county court did have jurisdiction of the subject matter to the extent of $500, the exact amount for which judgment was rendered. The summons may be treated as a nullity. It did not give the court jurisdiction of the *person* of the defendant, and the judgment, therefore, was null and void. But the defendant instituted proceedings in error to reverse the judgment, and thereby submitted to the jurisdiction of the court. *Fee v. Big Sand Iron Company*, 13 Ohio State, 563. The judgment of the court below having been reversed, the statute made it the duty of the district court to retain the case for trial. There is a material difference between a case where the county court has no jurisdiction of the subject matter—as in an action of slander—and that under consideration, where it had authority, upon service of a valid summons, to render the judgment complained of. I am unable, therefore, to give my assent to the conclusions of the majority of the court. The judgment should be reversed, and the cause remanded to the district court for trial.