FRANK KEESHAN v. STATE OF NEBRASKA.

FILED OCTOBER 15, 1895. No. 5788.

| 46 | 155 |
| 48 | 307 |
| 46 | 155 |
| 51 | 254 |
| 51 | 264 |
| 53 | 263 |
| 46 | 155 |
| 61 | 884 |

1. **Justice of the Peace:** JURISDICTION: OFFENSES. The jurisdiction of justices of the peace is by section 18, article 6, of the constitution limited to offenses for which the penalty prescribed does not exceed three months' imprisonment in the county jail, or a fine not exceeding $100.

2. ———: ———. .The only authority of a justice of the peace under section 17, Criminal Code, previous to the amendment thereof in 1893, was that of an examining magistrate.

3. **Appeal:** JURISDICTION OF TRIAL COURT. Where the trial court is without jurisdiction of the subject-matter of an action, the appellate court will not acquire jurisdiction thereof by appeal.

ERROR to the district court for Colfax county. Tried below before MARSHALL, J.

*John M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaintiff in error.

*A. S. Churchill, Attorney General,* and *W. S. Summers, Deputy Attorney General,* for the state.

POST, J.

This cause originated before a justice of the peace for Colfax county, by whom the plaintiff in error was adjudged guilty of the charge contained in the following information:

"STATE OF NEBRASKA, ⎱ ss.
    COLFAX COUNTY.  ⎰

" James Gadson, being first duly sworn, upon his oath, before J. W. Brown, justice of the peace in and for said county of Colfax, state of Nebraska, deposes and says that on the 22d day of October, 1891, in the county of Colfax and state of Nebraska, one Frank Keeshan, whose first or Christian name is unknown, then and there being, did unlawfully and feloniously assault in a menacing manner, and did threaten to strike and wound him, the said Gadson, then and there being, contrary to the form of the statute," etc.

From that judgment an appeal was taken to the district court for Colfax county, where a trial was had, resulting also in a verdict and judgment against the accused, which it is sought to reverse by means of this proceeding.

It is unnecessary to notice the allegations of error which relate to the giving and refusing of instructions, for the reason, as held in *State v. Yates,* 36 Neb., 287, that the offense charged was not within the jurisdiction of the justice to try, and the objection on that ground was equally available to the accused in the district court. The provision involved in the case cited was section 30 of the Criminal Code, which, like section 17 upon which the state relies in this case, prescribes as the maximum penalty a fine not exceeding $100, or imprisonment in the county jail not exceeding three months, or both, in the discretion of the court. It was held that the jurisdiction of police judges

and justices of the peace is by section 18, article 6, of the constitution restricted to offenses the penalty for which does not exceed three months' imprisonment, or a fine of $100, and that their only authority under the statute then in force was that of examining magistrates. However, the legislature of 1893 amended section 17 by striking out the words "or both," thus conferring upon justices of the peace jurisdiction to punish for the offenses therein denounced. It has been settled by numerous decisions in this state that unless the court in which an action is brought has jurisdiction of the subject-matter, the appellate court will acquire none by the appeal. (*Brondberg v. Babbott*, 14 Neb., 517; *Ogilvy v. Union P. R. Co.*, 18 Neb., 638.) The question of the authority of the justice to proceed at this time as an examining magistrate is not discussed by counsel and is accordingly not determined. The judgment is reversed and the cause remanded to the district court for appropriate action therein.

REVERSED.