MARY FITZGERALD, ADMINISTRATRIX, APPELLANT, V. FITZGERALD & MALLORY CONSTRUCTION COMPANY, APPELLEE.

FILED MAY 6, 1896. No. 5309.

1. **Reference.** Evidence examined, and *held* to sustain the findings of the referee, and his report confirmed.

2. **Probate Courts: JUDGMENTS: REVIEW.** The supreme court has no original probate jurisdiction, and where a county court makes an order in reference to the disposition of the assets of a decedent's estate, having at the time jurisdiction of the subject-matter and the parties, this court will not pass upon the validity of such order unless presented for review by a direct proceeding.

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J.

Heard on motion to confirm report of referee and on objections to confirmation. *Report confirmed.*

*William S. Poppleton,* for the objections.

*J. W. Deweese, F. M. Hall,* and *John H. Ames, contra.*

RAGAN, C.

In the district court of Lancaster county John Fitzgerald, in behalf of himself and all other stockholders of the Fitzgerald & Mallory Construction Company, sued the Missouri Pacific Railway Company in equity for an accounting. The decree of the district court was brought here on appeal, and this court rendered a decree in favor of the construction company and against the railway company for a large sum of money. (See *Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 44 Neb., 463.) A receiver was then appointed by this court for the construction company to collect the judgment and pay it out in accordance with the further orders of the court. Subsequently the railway company paid this judgment in full to the receiver, and the latter, under the directions of the court, paid out all of said judgment except the sum of $70,000. A number of persons filed in this court, in this case, claims against the construction company, and sought to have said claims paid out of said sum remaining in the hands of the receiver. The court appointed a referee to take the evidence and to report his conclusions of law and fact as to the disposition to be made of said sum. The referee has taken the evidence and filed his report, and the matter now before us is on the motion to confirm this report and certain objections made thereto by certain claimants of a part of said fund. It appears from the evidence in the record that prior to the rendition of the decree in favor of the construction company against the railway company, John Fitzgerald in his own behalf had obtained a judgment for a large sum of money against the construction company; that he had caused the Missouri Pacific Railway Company to be garnished as a debtor of the construction company; that no part of the judgment recovered against the construction company by Fitzgerald has ever been paid; that Fitzgerald died intestate before the rendition of the decree of this court in favor of the construction company and

against the railway company, and that his widow, Mary, was by the county court of Lancaster county duly appointed his administratrix; that the county court of Lancaster county, on the petition of the administratrix therefor, made an order licensing and authorizing her to sell and dispose of, at private sale and at the best market price obtainable, such personal property of the John Fitzgerald estate as might be necessary for the protection of said estate; that the administratrix thereupon sold the judgment obtained by John Fitzgerald against the construction company to the First National Bank of Lincoln, and as such administratrix duly assigned to said bank all the right, title, and interest of the Fitzgerald estate in and to said judgment. The administratrix reported this sale to the probate court and the probate court confirmed it. It further appears that the members of the late firm of Marquett, Deweese & Hall were the counsel and attorneys of John Fitzgerald in the litigation between him and the construction company; that they performed all the legal services for Fitzgerald in that litigation and obtained that judgment; that Mr. Marquett, of that firm, subsequently died, and that Deweese & Hall, the firm's successors, filed a claim or lien for attorneys' fees against the judgment. The referee found and reported, in effect, that the fund in controversy should be applied to the payment of the judgment obtained by John Fitzgerald against the construction company; that the First National Bank of Lincoln was the owner of that judgment and therefore entitled to the fund, subject only to the attorneys' lien of Deweese & Hall thereon for the sum of $10,000. The referee found adversely to all other claimants of said fund. Two parties only have filed objections to this report. These are Messrs. J. M. Woolworth and S. H. Mallory. Mr. Woolworth claimed that he had performed certain professional legal services for Mrs. Fitzgerald, administratrix, at her request, and that he had performed certain legal services for Messrs. Deweese & Hall at their request, all

said professional services having been rendered in the litigation between the construction company and the railway company. Mr. Mallory's claim is based upon certain promissory notes executed and delivered to him by John Fitzgerald. Mallory alleges that the consideration of these notes was certain claims which he held against the construction company and which he assigned to Fitzgerald, the latter agreeing that he would pay the notes out of whatever judgment he might finally obtain against the construction company.

As already stated, the referee found adversely to the claims of both Mr. Woolworth and Mr. Mallory, and no objection is made here by them, or either of them, that the findings of the referee are not supported by the evidence. Their sole contention is that the order of the county court of Lancaster county authorizing the administratrix to sell at private sale the personal property of her intestate, and the order of the county court confirming the sale by the administratrix of the judgment owned by Fitzgerald against the construction company were all without jurisdiction and absolutely void, and that therefore the judgment of Fitzgerald against the construction company still belongs to the Fitzgerald estate, is an asset thereof, and this court has no jurisdiction except to direct the receiver to pay the fund in controversy to the administratrix. We do not determine whether the orders made by the county court were interlocutory or final, nor whether such orders were erroneous, but they certainly were not void, as the county court is by the constitution and laws of the state given exclusive original jurisdiction of all matters relating to settlement of the estates of decedents; and the county court had jurisdiction of the subject-matter and of the parties to the proceeding in which the orders complained of were made; and we answer the objection of counsel by simply saying that these orders made by the probate court are not before us for review.

Messrs. Woolworth and Mallory both claim in their

petitions here to be creditors of John Fitzgerald, deceased. This estate is being settled up by and under the direction of the probate court of Lancaster county, and to that tribunal, and not to this court, the creditors of the estate of John Fitzgerald must first address their complaints as to the action of that court and the administratrix as to the disposition of the assets of that estate.

M. S. Carter & Co. have also made application for leave to file a claim which they hold against the construction company and have the same paid out of the fund in the receiver's hands. The application discloses that on the 9th of July, 1888, the construction company, by its auditor, drew a draft on the construction company for $1,407.40, payable four months after date, and this draft was on the same day accepted by the construction company. To the filing of this application of Carter & Co. the receiver objects on the ground that the claim is barred by the statute of limitations. The objection is well taken. It was said in oral argument at the bar that certain payments had been made upon this draft or acceptance which took it out of the statute of limitations, but this, if true, does not appear from the record before us. A copy of the acceptance is set out in the application and in the petition made a part of the application, and it is recited that there remains due on the acceptance from the construction company $900, but there is no statement in the application or petition accompanying it as to when, if ever, any payments were made upon this acceptance. The application for leave to file the claim against the construction company is therefore denied.

All objections made to the report of the referee are overruled and the report is in all things confirmed, and a decree will be entered accordingly.

JUDGMENT ACCORDINGLY.