C. P. JACOBSON v. ROBERT LYNN.

FILED MAY 4, 1898. No. 8005.

1. Trespass: ACTION FOR DAMAGES: VENUE. An action to recover damages for trespass upon real estate can be brought alone in the county where the lands are situate.

2. Appeal: JURISDICTION. A district court cannot acquire jurisdiction of a cause if the court from which the appeal was taken had no jurisdiction of the subject-matter.

ERROR from the district court of Knox county.  Tried below before ROBINSON, J.  *Reversed.*

*J. C. Robinson*, for plaintiff in error.

*H. F. Barnhart* and *J. H. Berryman, contra.*

NORVAL, J.

Robert Lynn brought this suit before a justice of the peace in Knox county to recover damages alleged to have been sustained by reason of defendant's cattle trespassing upon plaintiff's lands described as being situate in Cedar county.  The defendant appeared before the justice and objected to the jurisdiction of the court over the subject-matter of the action, which objection was overruled, and from a judgment rendered against the defendant in the sum of $35.75, damages and costs, he prosecuted an appeal to the district court.  A petition was filed therein by the plaintiff praying judgment in the sum of $150, for damages to certain described real estate in Cedar county.  The defendant moved to dismiss for the want of jurisdiction of the justice and district courts over the subject-matter, which motion was denied, and an exception was taken.  A trial was had before a jury, resulting in a verdict and judgment in favor of plaintiff for $1, and to reverse which the defendant prosecutes a petition in error.

The sole proposition presented for consideration is whether either the justice of the peace or the district court acquired jurisdiction over the subject of the controversy.  The question is one not difficult of solution.  Section 51 of the Code of Civil Procedure declares: "All actions to recover damages for any trespass upon or any injury to real estate shall be brought only in the county where such real estate is situated," etc.  This language is so plain, direct, and unambiguous as not to require judicial interpretation.  The command of the legislature is imperative that an action for trespass upon

lands can be instituted alone in the county where they are situate. Such an action is not transitory in its nature, and the courts of one county have no jurisdiction to hear, try, and determine a suit to recover damages to real estate located in another county. If this is not so, the statute quoted is meaningless. The justice of the peace had no jurisdiction of the subject-matter of this suit, and the district court acquired none by reason of the appeal. (*Brondberg v. Babbott*, 14 Neb. 517.) The judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.