EDWARD A. SMITH, ADMINISTRATOR, APPELLANT, v. ESTATE OF GEORGE M. BAYER, APPELLEE.

FILED MARCH 13, 1914.　No. 17,669.

1. **Courts: COUNTY COURTS: PROBATE JURISDICTION.** The county court has exclusive original jurisdiction over the administration and settlement of the estates of deceased persons.

2. **Executors and Administrators: ALLOWANCE TO WIDOW: WAIVER.** Where a husband dies possessed of personal property, but of no wearing apparel, ornaments, nor household furniture, and it does not appear that he possessed any property specifically exempt to him from seizure under execution or attachment process, and the wife makes no demand for an allowance to her of exempt property, nor for the delivery to her of personal property, "to be selected by her," of the value of $200, during her life, but dies subsequent to the decease of her husband without making such request or demand, the provisions of section 1267, Rev. St. 1913, being for her sustenance and support, the rights conferred upon her by the section are waived, and do not, upon her death, descend to nor vest in the administrator of her estate.

APPEAL from the district court for Douglas county. LEE S. ESTELLE, JUDGE. *Affirmed.*

*McKenzie & Cox*, for appellant.

*Weaver & Giller*, contra.

REESE, C. J.

Plaintiff filed his petition in the district court for Douglas county alleging, in substance, that George M. Bayer died intestate on the 5th day of May, 1910, leaving an estate of personal property of the value of $10,000; that he left surviving him Allie M. Bayer, his widow; that the estate of George M. Bayer was being administered upon, the administration thereof not having been closed; that Allie M. Bayer died on the 2d day of July, 1911; and that on the 5th day of July, 1911, plaintiff was appointed administrator of her estate. It will thus be seen that George M. Bayer died more than a year prior to the decease of Allie M. Bayer. There is no averment that Allie M. Bayer ever claimed or demanded any part of the estate of George M. Bayer, nor that there were any children born to them. It is alleged that after her death and the appointment of plaintiff as the administrator of her estate, he filed a petition in the county court asking for an order directing the administrator of the estate of George M. Bayer to turn over to plaintiff, as the administrator of the estate of Allie M. Bayer, the sum of $500 as exempt to the said Allie M. Bayer, and also personal property not exceeding in value the sum of $200, making a total of $700, as due to her estate under the provisions of sections 1267, Rev. St. 1913; that the county court refused to make the order as demanded; but just how the case got into the district court, whether by appeal or original action, does not appear. If by an original action, it is clear that the district court was without jurisdiction to make the order prayed for, and the order of the county court would be final; that court having exclusive original jurisdiction in the matter of the administration of estates.

It is alleged that, "as shown by the inventory of the administrator of the estate of the said George M. Bayer on file herein, the said George M. Bayer, at the time of his decease, had no wearing apparel, ornaments or household furniture of any kind or nature;" that he "did not own any lands, lots or real estate, or any interest in real es-

tate of any kind or nature whatsoever." The prayer is "for an order directing the administrator of the estate of George M. Bayer, deceased, to deliver over to your petitioner as the administrator of the estate of Allie M. Bayer, deceased, the sum of $500 as exempt to the said Allie M. Bayer out of the estate of the said George M. Bayer,. deceased, and other personal property not exceeding $200 in value, or the sum of $200 in cash." Defendant demurred to the petition on the ground that the facts stated in the petition were not sufficient to constitute a cause of action. The demurrer was sustained, and, plaintiff having elected to stand upon his petition without amendment, the suit was dismissed. Plaintiff appeals.

It is said in defendant's brief that the decedent Allie M. Bayer claimed to be the common-law wife of George M. Bayer, but, as the demurrer admitted the averments of the petition, no notice can be taken of matters aside from what is there alleged, and we must assume that Allie M. Bayer was the legal wife of George M. Bayer. Questions of fact not shown in the petition must be raised by answer, if at all. As we have seen, there is nothing in the petition or record before us showing that this is other than a suit instituted originally in the district court. We are furnished no record, except the petition, the demurrer, and ruling of the court. While it is recited in the petition that plaintiffs' claim was rejected by the county court, there is no suggestion of any appeal therefrom. It is provided in section 1206, Rev. St. 1913: "The county court shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons," etc. It necessarily follows that the only jurisdiction which the district court could acquire would be by appellate proceedings. Rev. St. 1913, sec. 1526. Upon this ground alone the demurrer was properly sustained.

But, passing this, it is claimed that plaintiff is entitled to the sum demanded under the provisions of section 1267, Rev. St. 1913, which declares that the surviving husband or wife shall be entitled to the "wearing apparel and ornaments and household furniture of the deceased, and all

the property and articles that was or were exempt to the deceased, at the time of his or her death, from levy or sale upon execution or attachment, and other personal property, to be selected by her, him or them, not exceeding two hundred dollars in value," etc.  It is shown in the petition that, at the time of his death, George M. Bayer had neither wearing apparel, ornaments nor household furniture, and it is not alleged that he possessed any "property and articles" that was specifically exempt from levy or sale upon execution or attachment.  These provisions are for the support and protection of the surviving members of the family of the deceased.  In this case, assuming as we must, that there was a lawful marriage between the parties, there are no children, and the alleged wife refrained from making any demand for the allowance during her lifetime.  Nor did she make any request for the transfer to her of personal property, "to be selected by her," to the extent and value of $200.  No steps of that kind  were taken by her during her life. Her claim under the statute was therefore waived.  After her decease, she, of course, had no necessities to meet, and whatever rights she may have had personally could not descend nor vest in the administrator of her estate.

It follows that, viewing the case from any angle, the district court did not err in sustaining the demurrer.  The judgment is therefore

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.