STATE OF NEBRASKA, APPELLANT, V. LOUIS KELLER,
APPELLEE.

FILED JULY 14, 1917. No. 19469.

Courts: JURISDICTION: HEIRSHIP. The county court has jurisdiction, in
the final settlement of the estate of deceased persons, to determine
the persons who are the heirs of the deceased, and its judgment in
this respect, if the jurisdictional prerequisites have been com-
plied with, is final and conclusive. *Fischer v. Sklenar*, p. 553, *post.*

APPEAL from the district court for Adams county: HAR-
RY S. DUNGAN, JUDGE. *Affirmed.*

*Willis E. Reed, Attorney General,* and *W. T. Thomp-
son,* for appellant.

*J. E. Willits* and *J. W. James, contra.*

LETTON, J.

This was an action brought by the state of Nebraska to
quiet the title to 80 acres of land in Adams county, the
title to which the petition alleges became vested in the
state of Nebraska by escheat, upon the death of Henry
Keller, the owner of the same, without widow or heirs.
The petition also alleged that a claim of title made to the
same by the defendant Louis Keller was unfounded and
invalid, and cast a cloud upon the plaintiff's title, which
it prayed to have removed. Louis Keller answered that
Henry Keller died seised of the real estate and without
widow and heirs, except himself, who was the brother and
sole and only heir at law. He further pleaded an adjudi-
cation on appeal from the county court of Adams county
in administration proceedings, in which he had been ad-
judged to be the only brother and sole heir at law of Henry
Keller, deceased. The district court found generally for
the defendant and dismissed plaintiff's petition. Plain-
tiff appeals.

The state introduced evidence to show that, so far as
any one in the locality where Keller had lived for about 15

years knew, he had no living relative. After the state rested, defendant proved that Keller had spoken to some of his neighbors of a brother in New York City, and an aunt. The only other material evidence for defendant is a transcript of certain proceedings in the county court, and on appeal to the district court, on a petition of Louis Keller in the administration proceedings to be decreed the sole heir of Henry Keller.

The question is whether this decree is *res judicata* that Louis Keller is the sole and only heir of Henry Keller, deceased. The state insists that it was error for the trial court to admit the record, for the reason that the county court had no jurisdiction to determine the title to real estate. The defendant insists that the decree establishes the status of the heirs to the estate of the deceased, and unless avoided in some mode prescribed by law it binds and concludes the whole world. The question was exhaustively argued in the case of *Fischer v. Sklenar,* p. 553, *post.* After protracted deliberation and consideration, it was held in that case that the county court in the settlement of the estates of deceased persons has jurisdiction to find and determine who are the heirs of the deceased. The contention of the state must therefore fail in this respect.

It must be said also that in our opinion the state failed to produce sufficient evidence to make a *prima facie* case, since there was no proof of inquiries having been made as to the relatives of Keller at the place where he had formerly resided.

The judgment of the district court is

AFFIRMED.

HAMER, J., not sitting.