STATE OF NEBRASKA, APPELLEE, v. JAMES B. O'CONNOR ET AL., APPELLANTS.

FILED FEBRUARY 16, 1918. No. 19874.

1. Courts: COUNTY COURTS: JURISDICTION. The county court has exclusive original jurisdiction in matters of probate and in the settlement and distribution of the estates of deceased persons.

2. Action: DESCENT AND DISTRIBUTION: JURISDICTION. The district court has no jurisdiction to decide between the conflicting claims of persons alleging they are heirs to the lands of the deceased, and, pending administration proceedings and a decree of heirship in the county court, an action on the part of the state to quiet title to the same, which it asserts by virtue of escheat for want of heirs, should be abated until the determination of the question of heirship in that court.

APPEAL from the district court for Adams county: GEORGE F. CORCORAN, JUDGE. Reversed, with directions.

*F. P. Olmstead, James B. O'Connor, McCreary & Danley, J. B. Barnes, McDonough & McDonough, D. L., Johnston, Frank E. McGray* and *Tibbets, Morey, Fuller & Tibbets,* for appellants.

*Willis E. Reed, Attorney General, Dexter T. Barrett* and *W. T. Thompson, contra.*

LETTON, J.

Action to quiet title. The state of Nebraska filed a petition alleging that John O'Connor died intestate, leaving surviving him no widow or kindred; that he owned real estate, described in the petition, which upon his death escheated to the state, and that it is now the owner of the same. It also alleges that over one hundred persons, naming them, claim some interest or title to the real estate, and asks that the title be quieted in the state. Answers were filed by a large number of defendants claiming to be the owners of an interest in the property by reason of being heirs of John O'Connor, deceased. A large amount of testimony was taken. The court found that none of the defendants had any interest in the property, and quieted the title in the state.

Three different sets of persons, claiming to be heirs of John O'Connor, have appealed. Each member of these three groups of claimants, while contesting the claim of the state that the property has escheated for want of heirs, is equally positive in denying that the other sets of claimants have any interest in the property. It is contended by the appellants Oleson: (1) That the action was prematurely brought; (2) that the district court has no jurisdiction to determine the respective claims of persons claiming to be heirs of a deceased person; (3) that, proceedings to determine the question of heirship to the estate of John O'Connor being then pending between the same parties in the county court, this action cannot be maintained.

It is shown by the record that administration proceedings are still pending in the county court of

Adams county, and that no decree determining the question of heirship has been rendered. The Constitution provides: The county court "shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointments of guardians, and settlement of their accounts." Const., art. VI, sec. 16. In *Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 48 Neb. 386, and in *Boales v. Ferguson*, 55 Neb. 565, it is held that the county court possesses exclusive original jurisdiction in probate matters. The powers of the county court in this respect have recently been considered at some length in the cases of *Fischer v. Sklenar*, 101 Neb. 553, and *State v. Keller*, 101 Neb. 552. In these cases it was held that the county court has exclusive original jurisdiction to determine the persons who are the heirs of a deceased person, and that its judgment in this respect is final, to the same degree and to the same extent as that of any other court of record. In addition to cases cited in these opinions, a discussion of the principle involved may be found in *Tilt v. Kelsey*, 207 U. S. 43, 28 Sup. Ct. Rep. 1, 5, with citation of many cases; *Wellner v. Eckstein*, 105 Minn. 444.

It was stated at the argument that the motive which prompted the bringing of this action in the district court while administration proceedings were still pending in the county court was that, during the pendency of *In re Estate of Keller*, the state of Nebraska had been denied the right to intervene and contest the question of heirship with an alleged heir whose claim was believed to be fraudulent. The judgment in that case was reversed; it being held that the state had a right to intervene, and to establish, if it could, that there were no heirs. *In Re Estate of Keller*, 101 Neb. 115.

When John O'Connor died, if he had no heirs, his real estate at once escheated to the state without the aid of legal proceedings, and the state has a right in such event to bring an action to quiet its title. But there

are many persons claiming to be his heirs, adversely
to the state, and adversely to each other. In order to
determine the main issue, viz., whether any heirs of
John O'Connor in fact exist, the district court would
be required to examine the evidence of heirship prof-
fered by each of the claimants and to decide in the first
place whether any of them were heirs of the deceased.
This is the question which by the Constitution and the
law is committed originally exclusively to the county
court. The district court may, no doubt, in a contro-
versy with respect to the title of land arising between
one who is the undisputed heir of a deceased person
and another person claiming title through another
source, quiet the title of the heir. *Lewon v. Heath,*
53 Neb. 707; *Rakes v. Brown,* 34 Neb. 304; *Jetter v.
Lyon,* 70 Neb. 429. But, in a case between rival heirs
where the determination of title depends upon the
question of heirship, the district court cannot make a
final adjudication until that question has been settled
by the county court. Should we examine the evidence
in this case, find, as did the district court, that none of
the defendants had established his title to the lands by
virtue of heirship, and affirm the judgment, what would
be the effect if, in the pending proceedings to settle
the estate, the county court should determine that one
or more of the defendants are heirs of O'Connor and
this judgment should on appeal become final and con-
clusive? The state would by the judgment of the dis-
trict court be declared to be the owner of the land be-
cause John O'Connor had no heirs, but the judgment
of the county court would conclusively establish the
fact that heirs existed. Such a condition ought not
to be permitted. Even if the jurisdiction had been
concurrent, it is the rule that the court first acquiring
jurisdiction is entitled to retain it until the end of the
suit.

This action should be abated until the final deter-
mination of the administration proceedings in the

county court. The judgment of the district court is reversed and the cause remanded, with directions that it stand abated until after the final judgment and decree in the proceedings to settle the estate of John O'Connor, deceased.

REVERSED.

SEDGWICK, J., not sitting.