HENRY PINN ET AL., APPELLEES, V. LEWIS J. PINN, APPELLANT.

FILED JUNE 22, 1922. No. 22415.

1. County Courts: JURISDICTION. "The county court possesses exclusive original jurisdiction in probate matters, and questions relating to the settlement of estates must be adjudicated there in the first instance." *Boales v. Ferguson*, 55 Neb. 565.

2. Executors and Administrators: UNADMINISTERED ASSETS. If a sum not administered is found belonging to an estate, the proper practice is to have a new administrator appointed in the county court and the fund administered.

APPEAL from the district court for Kearney county: WILLIAM A. DILWORTH, JUDGE. *Reversed, with directions.*

*F. L. Carrico* and *James & Danly,* for appellant.

*M. D. King, J. L. McPheely* and *C. P. Anderbery, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, ALDRICH and DAY, JJ.

ALDRICH, J.

The present controversy arises out of the following facts: Ferdinand Pinn died intestate on December 20, 1912, leaving a widow and eight children surviving him. His property consisted of a farm and personal property. The widow, Theresa Pinn, was named administratrix of the estate. During the pendency of the administration proceedings the children of the deceased made an assignment to the widow of their interest in the personal property, and also executed to her a quitclaim deed to the real estate. It is not entirely clear what the consideration was for these transfers. The decree of the court recited:

"Just what the consideration was to be is not clear. The evidence to sustain plaintiffs' contention that such consideration was that the mother was to will her property, including that provided for in such assignment to her children, share and share alike, is not clear, convincing and positive, and is insufficient to justify a decree so declaring."

The court found, however, that the assignment by the children conveyed to the widow the use and profits of the property transferred to her for her life, and did not transfer or convey the title thereto. There is no dispute concerning the real estate. In closing up the estate the county court assigned to the widow, of the personal property, $2,404.05. This amount included the portion of the estate which went to her, as well as to the children.

Theresa Pinn died in 1918, leaving a will in which she devised the farm in equal shares to six of the children, including her son, Lewis J. Pinn, and also bequeathed to Lewis all her personal property. Lewis J. Pinn was appointed executor of his mother's estate. An action was then commenced in the district court by Henry Pinn, Theresa Abrams, and Caroline Wirth, against Lewis J. Pinn individually, and as executor of his mother's estate, for an accounting of the money which Theresa Pinn had received by virtue of the assignment made by the children of their interest in the personal estate of their father to their mother. Upon the trial of this case the court found generally in favor of the plaintiffs, and ordered a reference to determine the amount which Theresa Pinn had received from the estate of her husband. The referee found that Theresa Pinn had received $3,203.20; that Christian Pinn, one of the sons, had filed a disclaimer to any interest in the estate; and that Emma Schneider, a daughter, had received and accepted her share and interest in the estate. The trial court found that a part of the $3,203.20 was a trust fund in the hands of Theresa Pinn, which by her death passed into the hands of Lewis J. Pinn, executor, and entered an order that the fund should be distributed as follows:

| | |
|---|---:|
| Estate of Theresa Pinn 1-3 | $1,067.74 |
| Augusta Winzel 1-6 of 2-3 | 355.91 |
| Lewis J. Pinn 1-6 of 2-3 | 355.91 |
| Caroline Wirth 1-6 of 2-3 | 355.91 |
| Henry Pinn 1-6 of 2-3 | 355.91 |
| Bertha Kauffelt 1-6 of 2-3 | 355.91 |

Theresa Abrams 1-6 of 2-3 .................. 355.91

The testimony is not entirely clear whether $799.15 which the referee found to belong to the estate of Ferdinand Pinn really belonged to his estate or to the estate of Theresa Pinn. The trial court apparently found that it belonged to the Ferdinand Pinn estate. If we assume that the $799.15 belonged to the Ferdinand Pinn estate, then it would seem to follow that the only court in which this fund could be distributed would be the county court, as that court has exclusive original jurisdiction in matters of probate. Rev. St. 1913, secs. 1206, 1398; *Boales v. Ferguson,* 55 Neb. 565. If a sum not administered is found belonging to an estate, the proper practice is to have a new administrator appointed in the county court and the fund administered.

It is quite clear, however, that the $2,404.05 has been distributed by the county court under an arrangement between the children and the mother that she should have the use and profits of the same. As to that amount the district court would have power to inquire with reference to the facts and order a proper accounting. There appears to be no dispute that there was paid to the widow $2,404.05. This sum should be distributed as follows:

Estate of Theresa Pinn 1-3 .................. $801.39
August Winzel 1-6 of 2-3 ................... 267.11
Lewis J. Pinn 1-6 of 2-3 ................... 267.11
Caroline Wirth 1-6 of 2-3 ................. 267.11
Henry Pinn 1-6 of 2-3 ..................... 267.11
Bertha Kauffelt 1-6 of 2-3 ................ 267.11
Theresa Abrams 1-6 of 2-3 ................. 267.11

As to the sum representing the difference between $3,203.20 and $2,404.05, we find from the record that it belonged to Theresa Pinn and should be distributed as funds of her estate.

The judgment is reversed, with directions to enter a decree in accordance with this opinion.

REVERSED AND REMANDED.