BENJAMIN ALLEN V. STATE OF NEBRASKA.

FILED JUNE 8, 1926. No. 24529.

1. Criminal Law: EXAMINING MAGISTRATE. Where a search warrant is duly issued by a county judge upon a "complaint for search warrant," filed with him under section 3273, Comp. St. 1922, charging the defendant with the commission of a crime, the maximum punishment of which is in excess of the jurisdiction of the county court to impose, and the defendant is arrested thereunder, in making the examination provided for by the above section 3273, *supra*, the county judge exercises the powers of an examining magistrate only and in a proper case may hold the defendant for trial in the district court.

2. ———: INTOXICATING LIQUORS: JURISDICTION. A charge of the "unlawful manufacture of intoxicating liquors, to wit, whiskey," etc., under section 3252, Comp. St. 1922, may not be tried and determined by the county court.

3. ———: ———: ———. "Where the trial court is without jurisdiction of the subject-matter of an action, the appellate court will not acquire jurisdiction thereof by appeal." *Keeshan v. State*, 46 Neb. 155.

ERROR to the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Reversed.*

*D. W. Livingston* and *Andrew P. Moran,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

This is an appeal by the defendant from a conviction and sentence for violation of certain provisions of chapter 33, Comp. St. 1922. The facts necessary for the proper determination of the issues presented here are as follows: "Complaint for search warrant" was filed in the county court of Otoe county by the county attorney thereof which, omitting the formal parts and parts essential to secure the

Allen v. State.

issuance of the search warrant where the premises to be·
searched were occupied as a home, was substantially in the
following language:  "The * * * county attorney * * *
has good reason to believe and does believe that intoxicating
liquors, to wit, whiskey, beer, and other intoxicating liquors,
are unlawfully manufactured, owned, sold and kept
for sale in violation of the laws of the state of Nebraska by
Benjamin Allen in and about (description of premises)
situated and located * * * in Otoe county, Nebraska."  A
search warrant was thereupon issued and duly served by
the arrest of the defendant, and by the officer serving the
same taking into his possession and retaining 15 barrels
of intoxicating liquors discovered in the possession of the
defendant.  The record discloses that the defendant, over
his objection, was tried in the county court of Otoe county
on the "complaint for a search warrant" (as a proper
complaint) and adjudged "guilty of unlawful possession of
intoxicating liquors" only, for which punishment was as-
sessed.  From this conviction he prosecuted an appeal to
the district court for Otoe county, where he was again,
over his objection and no new information being filed,
tried upon the same instrument (as a valid complaint)
and by a jury's verdict found "guilty as charged in the
complaint," and upon which verdict penalty was duly
adjudged.

Objections to jurisdiction were seasonably presented by
the defendant in both county and district court, which were
overruled and the rulings of the court were assigned as
error in the motion for a new trial.

There was also presented by the defendant a motion in
arrest of judgment in the district court based upon the
proposition "that no complaint or information has been
filed against the defendant stating facts sufficient to con-
stitute an offense."

The objections to jurisdiction were based upon the
grounds:  (1) That the complaint for search warrant did
not ·charge any .crime under the prohibition laws of the
state of Nebraska; (2) that no complaint had been filed

against the defendant properly charging him with viola-
tion of the prohibition laws or any other laws of the state
of Nebraska; (3) that the county court, as well as the
district court on appeal, was wholly without jurisdiction
over the person of the defendant to try him on any crime
charged; (4) that the county court and district court, on
appeal, are wholly without jurisdiction over the subject-
matter.

The sufficiency of the complaint, as a complaint, on which
to base the issuance of a search warrant does not appear
to be seriously challenged by the defendant.

Section 3273, Comp. St. 1922, as setting forth the manner
in which a search warrant shall be issued and served, pro-
vides: "If upon examination the magistrate hearing the
same shall be satisfied that the person found in possession
of the liquor in violation of this act had the same unlaw-
fully in his possession or with the intent to unlawfully
dispose of the same, the magistrate shall hold the person
or persons so arrested for trial and the liquor so seized
and any still, mash, preparation or equipment for the manu-
facture of same so seized shall be destroyed by direction of
and in the presence of the trial judge before whom such
offender is convicted, and the trial judge shall certify that
the liquor has been destroyed as a part of the record in
each case of conviction."

The state contends that it is the duty of the magistrate
after the issuance and return of a search warrant to de-
termine upon a trial before such magistrate that the party
found in possession of liquor had the same unlawfully in
his possession, etc., and also to try the defendant charged
in the complaint for a search warrant and assess a penalty
without any further or a new complaint being filed. As
applying to the facts in the instant case, this contention
cannot be sustained.

It may be said in passing that a comparison of sections
3864, 3865, and 3866, Rev. St. 1913, with section 3273,
Comp. St. 1922, discloses that the latter is but a develop-
ment of the former. Both cover the subject of issuance

and service of search warrants and regulate the proceeding thereon. The first act, in point of time, was limited to cases of unlawful keeping of intoxicating liquors with intention of disposing of the same without license. In the second act this subject is broadened so as to include all cases where intoxicating liquors are unlawfully owned or kept, or are intended or are being, by the persons named, manufactured, sold or kept for sale or disposition in violation of this act.

Under the former law, after service and return of a search warrant, "if upon examination the magistrate hearing the same shall be satisfied" that the accused had violated the law, he was required to "hold the person so arrested for trial at the next term of the district court and shall order the liquors so seized destroyed by the officer having them in charge." Rev. St. 1913, sec. 3865.

It is to be observed that as the maximum penalty for the offenses referred to in section 3864, Rev. St. 1913, exceeded the then jurisdiction of the county court or justices of the peace, the proceeding indicated in the section above referred to was in harmony with the laws of criminal procedure then in force. At the present time the maximum penalty for the unlawful acts referred to in section 3273, Comp. St. 1922, and charged in the complaint herein, is a maximum fine of not more than $5,000 and a maximum imprisonment of not to exceed one year in the county jail, as set forth in section 3252, Comp. St. 1922.

It is a cardinal rule of construction that, if possible, laws should be construed to make them valid and effective.

It would follow, therefore, that the only jurisdiction which this statute vests in the magistrate where the charge embraces the crime of the manufacture of whiskey, etc., would be that of an examining magistrate, and that as such he would have no power to find and adjudge the offender guilty, and no power as the trial judge "before whom such offender is convicted to direct the destruction of the liquors or certify to such fact as required by this statute."

Assuming, but not deciding, that the complaint, in form,

is sufficient to charge an offense under the statute, then the offense charged in this case is "that intoxicating liquors, to wit, whiskey, beer, and other intoxicating liquors, are unlawfully manufactured, owned, sold and kept for sale in violation of the laws of the state of Nebraska by Benjamin Allen in and about (description of premises) situated and located * * * in Otoe county, Nebraska."

The penalty provided for the unlawful manufacture of whiskey or intoxicating liquor in violation of chapter 33, Comp. St. 1922, is set forth in section 3252, Comp. St. 1922, in the following words: "Any person who shall manufacture intoxicating liquor in violation of this chapter * * * shall, upon conviction, be fined not less than $500 nor more than $5,000 and imprisoned not less than 30 days nor more than one year in jail for each offense."

Manifestly, the county court of Otoe county, assuming the offense to be correctly described in the complaint before it, would have no jurisdiction to try, determine the guilt, and assess the punishment for this offense. The only power that it could possibly exercise would be to bind over the offender to the district court, and this it did not do.

Unquestionably the county court has jurisdiction to try many offenses under the terms of chapter 33, Comp. St. 1922, but where such offenses are coupled with offenses covered and embraced in the language of section 3252, Comp. St. 1922, the penalty therein provided prevents the county court from exercising its jurisdiction as a trial court.

Under these circumstances, the rule announced by this court is controlling, that where the county court is without jurisdiction, upon appeal to the district court, the district court is also without jurisdiction. *Keeshan v. State,* 46 Neb. 155; *State v. Yates,* 36 Neb. 287; *Brondberg v. Babbott,* 14 Neb. 517.

It follows, therefore, that the judgment is reversed and the cause remanded to the district court for appropriate action therein.

REVERSED.