IN RE ESTATE OF JOSEPH GIBSON.
RUTH GIBSON ET AL., APPELLANTS, V. ANNA MARY GIBSON,
APPELLEE.

FILED JANUARY 31, 1936. No. 29470.

*Hoagland, Carr & Hoagland,* for appellants.

*Halligan, Beatty & Halligan, Milton C. Murphy* and *Lowell C. Davis, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

GOOD, J.

This proceeding originated in the county court of Lincoln county, Nebraska, and involves the construction of a will

and extent of the jurisdiction of the county court to construe wills.

Joseph Gibson paid the debt of his son Harry and took a promissory note for the amount thereof ($1,784.34), signed by Harry and his wife, due one year after date, and bearing interest at 6 per cent. per annum. Subsequent to this transaction, Joseph Gibson made a will in which he bequeathed all of his personal property to his wife, and devised to her a life estate to all of his realty. At the time of making the will, he had a foster daughter, three living children and grandchildren by a deceased child. To each of two of his living children and the foster daughter he devised a one-fifth interest in the remainder of his realty, and to the children of the deceased child a one-fifth interest therein. The will contained this further provision: "Out of Harry E. Gibson's share a note made to me is to be deducted from his share should he not pay same, said note amounts to Seventeen Hundred Eighty-four Dollars thirty-four cents this date interest six per cent."

When the executors filed petition for final settlement of the estate, several of the devisees under the will filed objections to the jurisdiction of the court to construe the will, alleging that the promissory note in question was an advancement and to be treated as realty, and should be deducted from the share of the realty devised to the son Harry. If this contention is sustained, the $1,784.34 interest in real estate was not devised or disposed of by the will, and the objectors, as heirs-at-law, would take a share therein. The county court construed the will; held that the promissory note was not an advancement but was personalty and, by a provision of the will, became the property of the widow, and further determined that it was a charge and lien upon Harry's one-fifth interest in the remainder of the realty. The objectors appealed to the district court, where, upon a trial, that court determined that the promissory note was not an advancement but was personalty and became the property of the widow, but further held that the county court was without jurisdiction to declare it a

charge and lien upon Harry's share in the remainder of the realty. The district court then decreed that the note, in fact, was a lien and a charge upon the share of Harry. The objectors have appealed to this court.

The rule is well established in this jurisdiction that the county court is vested with original jurisdiction to construe wills in so far as it is necessary to enable the personal representatives of the decedent to properly administer decedent's estate.

In *Youngson v. Bond*, 69 Neb. 356, 95 N. W. 700, it was held:

"Where a suit in equity is to be regarded as a part of the proceedings for settlement of the estate of a deceased person, it must be brought in the county court, which has exclusive original jurisdiction of such matters.

"Hence a suit by an administrator with the will annexed for construction of the will in order to enable him to administer the estate properly, is not maintainable in the first instance in the district court. * * *

"Section 16, article 6, of the Constitution does not preclude a county court from construing a will, in a proper case, and determining the effect and meaning of a devise of lands so far as is necessary to give proper directions to an executor or administrator with the will annexed.

"The construction of the will in such a case, is for the information and benefit of such executor or administrator only, in order to advise him what course to pursue. It adjudicates nothing beyond his rights and liabilities in the execution of his office; controversies between adverse claimants under the devise or between the executor or administrator and persons claiming adversely to the estate, will not be affected thereby."

In the course of the opinion it was said (p. 358) : "It is well settled that the county court has full and complete equity powers as to all matters within its exclusive jurisdiction. Clothed with these powers, its authority to construe a will, when necessary to enable its officers to settle an estate properly, is as clear as its authority to set aside

on equitable grounds an order admitting a will to probate. Is its jurisdiction in such a case exclusive? This, we think, must depend upon the purpose and end of the proceeding. * * * The obvious purpose of the statute is to give all powers necessary to complete and speedy settlement of estates to one court, and to require all proceedings toward that end to be brought in that court in the first instance. * * * Such a suit is in reality a part of the proceedings for settlement of the estate."

In *Bennett v. Bennett,* 65 Neb. 432, 91 N. W. 409, it was held: "The county courts of this state are courts of general jurisdiction as to all matters of probate, settlement of estates and guardianship." Reaffirmed on rehearing, 65 Neb. 441, 96 N. W. 994.

In *Boales v. Ferguson,* 55 Neb. 565, 76 N. W. 18, it was held: "The county court possesses exclusive original jurisdiction in probate matters, and questions relating to the settlement of estates must be adjudicated there in the first instance." This holding was followed in *Pinn v. Pinn,* 108 Neb. 822, 189 N. W. 371.

In the instant case, the executors found themselves in possession of the promissory note that belonged to the estate of the decedent. To whom should it be assigned? To the widow as personalty, or be held as realty? Under the circumstances, it was necessary to place a construction upon the will to inform and direct the executors as to what disposition they should make of the promissory note. In so far as the county court undertook to declare that the promissory note was a lien and charge upon the share of Harry E. Gibson, it was unnecessary for the guidance of the executors in the discharge of their duties. This, we think, was beyond the jurisdiction of the county court, and the district court rightly so held.

But it is a fundamental rule that an appellate court does not acquire jurisdiction by appeal, unless the court from which the appeal was taken also had jurisdiction. A district court cannot acquire jurisdiction of a case on appeal from the county court if the county court had no jurisdic-

tion of such cause. *Brondberg v. Babbott,* 14 Neb. 517, 16 N. W. 845; *Keeshan v. State,* 46 Neb. 155, 64 N. W. 695; *Jacobson v. Lynn,* 54 Neb. 794, 75 N. W. 243; *Allen v. State,* 114 Neb. 676, 209 N. W. 236.

Since the county court was without jurisdiction to decree the note to be a charge upon the share of real estate devised to Harry E. Gibson, the district court was, on appeal, likewise without such jurisdiction, and in so holding the court exceeded its jurisdiction. We do not wish to intimate that the construction placed upon the will was not the proper one, but only that the court was without jurisdiction, in that particular action, to construe it.

We come now to the contention of the objectors that the note in question was an advancement and should be construed to be realty because of the provision in the will.

The doctrine of advancements was known to the common law and to the civil law centuries ago. It was a subject of statutory enactment in England in the reign of Charles II, and seems to have existed in England as a custom at an earlier date. The statute of Charles II became a part of the common law of the United States and is binding except where the question is controlled by statute. It rests upon the supposed desire of an ancestor to equalize his estate among his heirs, not only as to the property left at the time of his death, but as to all property that came to him, so that one child should not be preferred to another child in the final settlement of his estate. 1 R. C. L. 655, sec. 3; 18 C. J. 918. It is said that the term "advancement" is difficult of strict definition. In a strictly technical sense, an advancement is a perfect and irrevocable gift, not required by law, made by a parent during his lifetime to his child, with the intention on the part of the donor that such gift should represent a part or the whole of the portion of the donor's estate which the donee would be entitled to on the death of the donor intestate. Strictly speaking, it is not a gift, because if it were a gift it would not be repayable nor chargeable against anything that might be coming to the donee. An advancement does not carry with it the obliga-

tion of repayment; nor is it founded upon a valuable consideration; while a debt or loan carries with it the obligation of repayment and gives the creditor the right to enforce the same in the courts. The enforceable obligation against the donee would, therefore, be contrary to the character of an advancement and must be viewed in the light of a debt. See 1 R. C. L. 653, sec. 1.

In the instant case, when Joseph Gibson paid the debt of his son and required the son to recognize his obligation by giving his promissory note, bearing interest and payable at a future date, it was not in the nature of a gift, but was treated as a debt owing by the son to the father. It lacked the characteristics of an advancement. The doctrine of advancements applies only to estates of persons dying intestate unless otherwise provided by statute. Our legislature has acted upon the question of advancements, but has apparently limited the doctrine of advancements to intestate estates; at least it has not gone so far as to apply it to estates of those dying testate, and, under this rule, the note could not be treated as an advancement. We think that the county court and the district court rightly held that the note was not an advancement but was personalty, and, as such, passed by the will of testator to his widow.

Whether or not the provision of the will makes this note a charge and lien upon the share of the real estate that was devised to the son Harry is not for disposition in this action. The widow, if she sees fit, may go into the proper court and seek to establish the note as a lien and ask for its foreclosure, and when, and if, such an action is begun the proper court may determine the question.

From what has been said, it follows that the judgment of the district court, in so far as it determines that the note in controversy is made a lien upon the share of the real estate devised to Harry E. Gibson, is erroneous, because the court lacked jurisdiction in that particular action so to determine. In other respects the judgment is right and is affirmed.

AFFIRMED AS MODIFIED.