JOHN STARR, ADMINISTRATOR, APPELLEE, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, APPELLANT.

278 N. W. 478

FILED MARCH 11, 1938. No. 30191.

*Shelburn & Russell,* for appellant.

*John Starr, pro se.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and YEAGER, District Judge.

ROSE, J.

This is an action on the 5,000-dollar bond of J. G. Thompson, administrator of the estate of John W. Davidson, deceased, to recover from the surety, Fidelity & Deposit Company of Maryland, defendant, $4,943.61 with interest for which the principal in the bond failed to account.

John W. Davidson died November 7, 1931, and J. G. Thompson was appointed administrator of his estate January 29, 1932. On the same day Thompson's bond with the Fidelity & Deposit Company of Maryland, surety, was executed and approved. Thompson, principal in the bond, died July 31, 1935. Later, his daughter, Ethel K. Thompson, was appointed administratrix of his estate, and as such she was futilely directed by the county court to pay to John Starr, now administrator of the estate of the deceased Davidson, $4,943.61, the amount due the Davidson estate from the Thompson estate with interest. To recover that sum from the surety on the fidelity bond of J. G. Thompson, administrator of the Davidson estate, John Starr, present administrator of the Davidson estate under appointment December 5, 1935, brought the present action in the district court for Harlan county.

In the answer of the surety to the petition on the bond, it is alleged that J. G. Thompson, from May 11, 1922, until the death of Davidson, an incompetent person, was his duly appointed, bonded and acting guardian; that as such he collected, misapplied, embezzled or lost all the assets of the ward's estate except $75 which he properly expended; that no final report of the guardian or settlement of his accounts as such was ever made; that J. G. Thompson was insolvent from the time he was appointed administrator until his death; that his report to the county court showing assets in his hands as administrator was false and was made to defraud his surety.

In a reply to the answer, plaintiff pleaded that defendant was concluded by the adjudication in the county court to the effect that Thompson as administrator was chargeable with the assets enumerated in his report and account.

The parties to the action on the bond waived a jury. Upon a trial of the cause, the district court found that the estate of J. G. Thompson, deceased, owed John Starr, present administrator of the Davidson estate, $4,943.61 with interest from February 18, 1936, or $5,240.10, and that defendant as surety on the bond was liable for the penalty named therein or for $5,000. From a judgment in favor of plaintiff therefor defendant appealed.

Is the surety on the bond concluded by the finding and judgment of the county court that the Thompson estate owes the Davidson estate $4,943.61 with interest? This is the controlling issue in the case.

The county court is by the Constitution and statutes of the state given exclusive original jurisdiction of all matters relating to the settlement of estates of deceased persons. When a county court acquires jurisdiction of the subject-matter and of the parties in a proceeding to settle an estate of decedent, its final judgment therein as to the amount due the estate from the administrator is not reviewable except on direct appeal and is not open to collateral attack except for fraud. *Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 48 Neb. 386, 67 N. W. 158; *Boales v.*

*Ferguson,* 55 Neb. 565, 76 N. W. 18; *Smith v. Estate of Bayer,* 95 Neb. 488, 145 N. W. 1030; *State v. O'Connor,* 102 Neb. 187, 166 N. W. 556; *Pinn v. Pinn,* 108 Neb. 822, 189 N. W. 371; *In re Estate of Ramp,* 113 Neb. 3, 201 N. W. 676.

The testimony of the county judge and the record of the county court "In the Matter of the Estate of John W. Davidson, deceased" prove that a citation from that court was directed January 6, 1936, to the surety, Fidelity & Deposit Company, defendant, herein, to Ethel K. Thompson, administratrix of the Thompson estate, and to Eva M. Thompson, Mayma Thompson, and Ethel K. Thompson, the heirs at law of the deceased Thompson, notifying them to file in the county court on or before January 20, 1936, an account of the receipts and disbursements of J. G. Thompson as administrator of the Davidson estate from the date of his report December 15, 1932, to the date of his death, July 31, 1935, together with a true and complete inventory of all the assets of the Davidson estate and a complete record of the affairs thereof. The administratrix and the heirs at law were further notified by the citation that, upon a hearing, an order would be made directing payment of the money due from the Thompson estate to the Davidson estate and that delivery of other assets from the former to the latter would be required. This citation was served by the sheriff on the surety, the administratrix and the heirs at law named. The date set for the hearing in the county court was January 20, 1936. The hearing was continued from January 20, 1936, to February 10, 1936, and from the latter date to February 18, 1936. The county court then had before it as court records at the hearing the inventory of J. G. Thompson, as administrator of the Davidson estate, and the appraisement of two duly appointed and acting appraisers, all under oath, showing that, on May 12, 1932, Thompson as such administrator had enumerated assets of the Davidson estate aggregating $5,259.85. There was also before the county court at the same hearing the administrator's report of J. G. Thomp-

son on December 15, 1932, under oath, showing his receipts as $5,259.85 and his expenditures as $99.32. While the schedule, appraisement and report were never formally approved as such, no one objected to them at the time and they were apparently taken as evidence of the facts stated therein. On all the evidence adduced at the hearing, the findings and judgment of the county court in response to the citation are as here copied:

"On this 18th day of February, 1936, the above entitled matter came on for an accounting and settlement of the accounts of J. G. Thompson, deceased, with the estate of John W. Davidson, deceased, as former administrator thereof, and John Starr, administrator *de bonis non* of said estate appearing in person, and Ethel K. Thompson, administratrix of the estate of J. G. Thompson, deceased, appearing by Ralph P. Wilson, her attorney, and from the evidence introduced the court finds:

"That said J. G. Thompson, at the time of his death, was the duly appointed, qualified and acting administrator of the estate of said John W. Davidson, deceased; that said J. G. Thompson is chargeable with $5,027.49 of funds of said estate and is entitled to credit for a total sum of $868.88, leaving a balance due said estate from said J. G. Thompson of $4,158.61, with interest thereon at 7% per annum from January 29, 1933, to August 10, 1933, and at 6% per annum thereafter.

"It is therefore ordered and adjudged that Ethel K. Thompson, administratrix of the estate of J. G. Thompson, deceased, pay to John Starr, administrator *de bonis non* of the estate of John W. Davidson, deceased, the sum of $4,943.61."

This judgment was not void. The county court had jurisdiction of the subject-matter and of the necessary parties. The surety had notice of the proceedings and of the hearing. At the time it made no objection to the proceedings or to the evidence or to the judgment of the county court. There was no appeal.

At the trial of the action on the bond in the district

court, the surety attempted to prove a defense by extrinsic evidence that the principal in the bond squandered or lost the Davidson estate as guardian and not as administrator and that consequently the surety was not liable for the loss. Evidence of that nature contradicted the inventory, the appraisement, the report of the administrator and the judgment of the county court. Such evidence was at first admitted by the district court but was afterward disregarded in the determination of the case on the ground that the surety was concluded by the judgment of the county court.

When the bond was given the court record of the proceeding in which it was executed and filed showed that the administrator, Thompson, was then chargeable with Davidson assets aggregating nearly $5,000. That sum was the penalty in the bond. For the protection thereof the bond was given. The court record, disclosing the assets which the administrator stated under oath that he had received, was available to the surety and gave notice of the nature and extent of the undertaking required. Obligee and beneficiary were not guilty of any fraud invalidating the judgment of the county court. The law applicable has been stated as follows:

"The liability of the sureties on an administration bond is not affected by the fact that they were induced to sign the bond through the fraud or misrepresentation of the principal, of which the beneficiaries of the estate in whose interest the liability is sought to be enforced are innocent." 24 C. J. 1059.

The conclusion is that both principal and surety are bound by the judgment of the county court. In this view of the facts and the law, discussion of other questions argued becomes unnecessary.

There is no cross-appeal to present a claim by plaintiff for interest increasing the judgment beyond $5,000. Error prejudicial to defendant has not been found in the record.

AFFIRMED.